[No. 21498.  Department Two.  July 3, 1929.]

EDWARD T. DORIAN *et al., Respondents,* v. BENJ. E.
BOONE, INCORPORATED, *et al., Appellants.*[1]

*Stephen V. Carey* and *R. E. Bigham,* for appellants.

*Stanley J. Padden* and *George F. Ward,* for respondents.

FULLERTON, J.—The respondents, Dorian, recovered in this action against the appellants for personal injuries suffered by the respondent Emma Dorian.

The accident giving rise to the injury occurred on one of the public streets of the city of Everett. The appellants are dealers in automobiles. At the time of the accident, an employee of the appellants was servicing a new automobile. The employee had taken the automobile onto the street for the purpose of testing the efficiency of its brakes. The method of operation was to speed up the automobile, throw out the clutch, and then apply the brakes. In one of these operations,

[1]Reported in 279 Pac. 107.

the automobile struck the respondent, Emma Dorian, who was crossing the street, and caused the injuries for which the recovery was had.

The appellants denied the facts alleged in the complaint necessary to be shown in order to charge them with liability, and pleaded affirmatively matters tending to show negligence causing or contributing to the injury on the part of the injured respondent, which the respondents put in issue by a reply. On the issues thus framed, the action was brought on for trial. At the conclusion of the evidence, the court, following the statutory practice, instructed the jury as to the law of the case. Counsel for the respondents then made his opening argument to the jury, and was followed by the appellants' counsel, who concluded his argument. The court thereupon took a short recess. On the convening of the court after the recess, the appellants' counsel asked the court to reopen the case and allow him to introduce the testimony of a witness whom he had discovered during the recess, and whom he had not theretofore been able to discover; stating in a general way the nature of the testimony the witness would give. The court denied the request, whereupon counsel for the respondents made his concluding argument and the cause was submitted to the jury. The jury returned a verdict in favor of the respondents in the sum of $2,708.50, for which sum a judgment was subsequently entered in their favor.

The errors assigned are two, namely, that the court erred in refusing to reopen the case and permit the newly discovered witness to testify; and, second, that the court erred in refusing to grant a new trial because of the excessiveness of the verdict.

Noticing the first of the assigned errors, it must be remembered that there is no general rule of law or practice which required the court to reopen the case

for the admission of further testimony at the stage the trial had reached at the time the application was made, or which prohibited it from so doing. In other words, the application but presented a matter on which the court must exercise its sound discretion, and this being the duty that confronted it, it follows, of course, that the manner in which it did exercise it is to be reviewed in this court only for manifest abuse. The situation that then confronted the court was this: The trial, in so far as it was required to take place in open court, had been all but concluded. To permit the appellants to introduce further evidence, would have required a like permission to the other side in so far as they might have desired to offer testimony to rebut the testimony of the new witness, and it would have required a suspension of the trial for sufficient time to recall their witnesses for that purpose if they were not then present. The court would have had again to charge the jury, and counsel on both sides would have been entitled to reargue the case to the jury. In the light of these circumstances, it cannot be said that the action of the court was wilful, arbitrary, or without just reason in its support. Indeed, it would seem that the testimony desired to be introduced must be such as to indicate that there was a possibility of a miscarriage of justice, before it can be said that the court abused its discretion in refusing to reopen the case.

Testing the matter by this rule, we see nothing in the proffered evidence that points to the possibility that the jury may have returned an unjust verdict. We have now before us the affidavit of the witness, and we fail to see wherein his version of the transactions giving rise to the injury differs materially from the testimony of the witnesses whose evidence the jury heard. His strongest statements are that the injured plaintiff "stepped in front of Rassmussen's [the appel-

lants'] car and was knocked to her knees," and "that Rasmussen's car was moving very slowly at the time." But these are only statements in another form of the version of the accident given by the witnesses who testified at the trial. The injured respondent herself testified that she left the sidewalk on one side of the street, and walked across it towards the other, and was struck just as she reached the curb on the other side. Obviously, at some point in her journey she must have stepped in front of the appellant's car. As to the speed of the car, there was no dispute in the evidence that it was stopped almost immediately after it struck the respondent, and it is equally obvious from that fact that it was going slowly at the time it struck her. Nor does the witness state that the respondent changed her pace while crossing the street, or that she engaged in a race with the appellants' car to reach the point where the contact occurred, nor does he dispute the fact that the driver of the car was operating it in the manner testified to by the witnesses who were actually sworn in the cause. As we view it, the testimony of the witness would hardly have enlightened the jury as to the actual facts, much less was it of such a nature that its exclusion amounted to an abuse of discretion.

The second of the contentions made by the appellants, we think, is also without merit. The court will not set aside the verdict merely because it may differ in opinion from the jury as to the proper award to be made. In actions of tort for personal injuries, there is no certain or definite rule by which the amount of the award can be measured. It is a matter peculiarly within the province of the jury to determine, and parties have the right to the judgment of the jury, not the court, upon the matter. Before the court may interfere, therefore, it must be found that the verdict is

so far inadequate, or so grossly excessive, as to be without support in the evidence, or it must appear that the verdict was the result of some extrinsic consideration, such as bias, passion, prejudice, or the like. In the case before us, we find nothing of this sort. It is possible that the verdict is larger in amount than the court would have found were it the trier of the fact, but there is nothing to indicate that the verdict was not the dispassionate consideration of the evidence by the jury as they viewed the evidence.

The judgment is affirmed.

PARKER, MAIN, and FRENCH, JJ., concur.