[No. 33139.   Department Two.   April 28, 1955.]

LAREUL HOPPER, *Respondent and Cross-appellant,* v. MARY HORRIGAN GALLANT *et al., Appellants.*[1]

[1]Reported in 282 P. (2d) 1049.

*Horrigan, Merrick, Peterson & Merrick* and *Patrick V. Sullivan,* for appellants.

*Kenneth C. Hawkins, Robert I. Bounds,* and *Elery A. Van Diest,* for respondent and cross-appellant.

WEAVER, J.—Plaintiff, a farm worker, was injured while an employee of defendants. Both parties appeal from a jury verdict and judgment in favor of plaintiff for two thousand dollars general damages and $1,734 special damages.

Defendants argue that the trial court erred when it denied their motion for dismissal at the end of all of the evidence, and when it refused to direct a verdict for them. They urge that the court should hold, as a matter of law, (1) that the defendants were not negligent, and plaintiff's injury was the result of an unavoidable accident; (2) that plaintiff is barred from recovery by his own negligence; and (3) that, if a risk existed in the employment, plaintiff assumed that risk.

In considering defendants' assignments of error, we must accept the truth of plaintiff's evidence and all inferences that reasonably can be drawn therefrom. It must be interpreted most strongly against defendants and in the

light most favorable to plaintiff. *Kindelspire v. Lawrence,* 44 Wn. (2d) 722, 723, 270 P. (2d) 477 (1954).

Plaintiff, thirty-three years of age, had worked as a farm worker most of his life. July 16, 1953, he was employed by defendants to assist with the wheat harvest. A fellow worker drove him around the field on a Massey-Harris, Model 27, wheat combine, showing him how to start, stop, and operate the header. Thereafter, plaintiff operated the combine.

For eight days prior to the accident, plaintiff operated the combine twelve to fourteen hours a day. On the day of the accident, plaintiff approached a field with the combine. He stopped the forward motion of the machine in order to engage the cutting mechanism. This required him to operate the "Machine Drive Belt Tightener Pulley Lever."

The lever is a five-eighth inch rod which, when operated, moves vertically. It is to the right of the driver's seat. At the top, a portion is bent horizontally toward the driver's seat to form a bare iron handle, with a small iron knob at the end of the horizontal portion. A short distance below the handle, the iron rod passes through a metal guide or support. In response to a question of whether the lever or rod was "wobbly," plaintiff testified that it had "some side turns."

The cutting mechanism is put in operation by shoving downward, in a vertical direction, on the engaging lever. The first part of the stroke is necessarily accomplished with greater ease than the last, because it forces an idler pulley against a revolving belt, thus tightening it. Plaintiff testified that, when the lever is in the depressed or engaged position, the handle (and the hand of the operator) is six to eight inches from a moving belt and pulley. As plaintiff depressed the lever, his right hand slipped from the handle into the belt and pulley. Several fingers were amputated.

It is the theory of plaintiff's case that defendants were negligent by reason of: failure to provide plaintiff a safe place to work; failure to guard the exposed belt and pulley; failure to have a stable engaging lever; failure to have an

adequate and sufficient grip on the handle of the lever; failure to inspect and repair the unstable condition of the lever; and failure to properly warn, instruct, and advise the plaintiff.

The jury inspected the combine in operation. This court, as well as the jury, has had an opportunity to see and study numerous photographs, colored slides, and moving pictures of the machine in action; the lever, from which plaintiff's hand slipped; and the unguarded belt and pulley, which engaged his right hand.

It would add nothing to further detail facts. There is evidence, if believed, to support plaintiff's theory of the case. It was not error for the trial court to submit the questions of primary and contributory negligence to the jury.

Plaintiff's injury occurred when his hand slipped into the unguarded belt and pulley while he was engaged in his assigned task of operating the wheat combine. The rule applicable to the assumption of risk of dangers normally incident to the occupation, is stated in *Blanco v. Sun Ranches, Inc.*, 38 Wn. (2d) 894, 902, 234 P. (2d) 499 (1951), as follows:

"In order to charge an employee with the assumption of a risk attributable to a defect due to the employer's negligence, it must appear not only that he knew (or is presumed to have known) of the defect, but that he knew it endangered his safety; or else such danger must have been so obvious that an ordinarily prudent person under the circumstances would have appreciated it." (Quoted from *Gila Valley G. & N. R. Co. v. Hall*, 232 U. S. 94, 58 L. Ed. 521, 34 S. Ct. 229.)

Plaintiff knew of the existence of the revolving belt and pulley; but neither he nor any other witness testified that he actually knew that his safety would be endangered while he was engaged in operating the combine. In fact, plaintiff testified to the contrary.

We are not presented with a factual situation where the employee is engaged in work which directs his attention to the danger confronting him. There is nothing in the operation of the lever that required plaintiff to notice and appre-

ciate the danger arising from the proximity of the unguarded moving parts. He testified that while operating the lever he had many other things to notice.

Reasonable minds could well differ on the proposition of whether or not plaintiff, as a reasonably prudent man, should have appreciated, under the circumstances, the particular danger to which he exposed himself, and which injured him. We cannot say that the danger of injury was so obvious that, as a matter of law, plaintiff assumed the risk. *Heinlen v. Martin Miller Orchards,* 40 Wn. (2d) 356, 242 P. (2d) 1054 (1952). The question was properly submitted to the jury.

Plaintiff's motion for a new trial was denied, and final judgment on the verdict was entered July 29, 1954. On October 14, 1954, defendants filed with the clerk of the superior court a proposed statement of facts which was later certified to contain "the material facts, matters and proceedings heretofore occurring in said cause, and not already a part of the record therein." Pursuant to Rule on Appeal 34 (3), 34A Wn. (2d) 36, defendants filed a concise statement of the points on which they intended and did rely on appeal.

Plaintiff gave notice of cross-appeal. November 19, 1954 (one hundred thirteen days after the date of entry of final judgment), plaintiff filed a supplemental statement of facts with the clerk of the superior court. It contains the trial court's instructions to the jury, plaintiff's exceptions thereto, and the trial court's oral decision on plaintiff's motion for a new trial.

The supplemental statement of facts was not filed within the time prescribed by Rule on Appeal 34 (1), 34A Wn. (2d) 36, and must be stricken. *Donald W. Lyle, Inc., v. Heidner & Co.,* 45 Wn. (2d) 806, 809, 278 P. (2d) 650 (1954); *Falk v. Rose,* 18 Wn. (2d) 333, 139 P. (2d) 634 (1943). For this reason, we are unable to consider plaintiff's (cross-appellant's) first assignment of error directed to the trial court's instruction No. 21.

Plaintiff's remaining assignment of error presents for review the alleged inadequacy of the amount of damages

which the jury allowed. Granting or denying a new trial upon this ground is peculiarly within the discretion of the trial judge, and we will not disturb his ruling in the absence of a manifest abuse of discretion. *Dyal v. Fire Companies Adjustment Bureau*, 23 Wn. (2d) 515, 522, 161 P. (2d) 321 (1945).

It is not enough to say that, in the opinion of the court, the damages are too low. It is the function of the jury and not the function of the court to assess the amount of damages in cases of this nature.

All of the facts bearing on this issue were presented to the jury under proper instructions, and

" . . . we hesitate to give a different weight to a verdict fixing damages than we would to any question of fact determined by a jury *(Atkins v. Churchill*, 30 Wn. (2d) 859, 194 P. (2d) 364 (1948)) unless the amount be so outrageous that it shocks the sense of justice and sound judgment." *Kramer v. Portland-Seattle Auto Freight*, 43 Wn. (2d) 386, 397, 261 P. (2d) 692 (1953).

We cannot say that this test has been met. The trial court did not abuse its discretion when it denied plaintiff's motion for a new trial.

The judgment is affirmed.

HAMLEY, C. J., MALLERY, HILL, and ROSELLINI, JJ., concur.