[No. 38898.    Department Two.    March 30, 1967.]

THE STATE OF WASHINGTON, *Respondent*, v. LLOYD ALLEN WEEKS, *Appellant.*[*]

*Kroum & Bass* and *Gary F. Bass* (Appointed counsel for appeal), for appellant.

*Charles O. Carroll* and *Gary A. Cunningham,* for respondent.

[*]Reported in 425 P.2d 885.

OTT, J.—February 10, 1966, the prosecuting attorney for King County by information charged Lloyd Allen Weeks with the crime of robbery. The defendant entered a plea of not guilty, not guilty by reason of insanity at the time of the alleged offense, and alleged that he was presently insane and unable to assist counsel in his defense. The court ordered a psychiatric examination prior to trial. The report established that the accused was sane at the time of the commission of the offense, is now sane, and that he is able to assist in his own defense. The cause then proceeded to trial. The jury found the defendant guilty as charged. From a judgment and sentence entered by the court upon the verdict of guilty, the defendant has appealed.

On appeal, appellant asserts three trial errors which he contends denied him his constitutional guarantee of a fair trial. The first assignment of error is, "The Court erred in holding inadmissible the testimony of Doctor Riley concerning the hospital record he had received from Arkansas State Mental Hospital, and in holding inadmissible the record itself."

Dr. John B. Riley, the psychiatrist who had examined appellant prior to trial, was called as a witness in behalf of the appellant. He testified that he had received from the Arkansas State Mental Hospital what purported to be a record of appellant's treatment and confinement at that institution. The appellant then attempted to have the unauthenticated document marked and introduced into evidence. The court sustained the objection to its admission on the grounds that no foundation had been laid, and that it was not properly authenticated and identified.

RCW 5.45.020 provides:

A record of an act, condition or event, shall in so far as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission.

The unauthenticated record of the Arkansas hospital was not competent evidence because it did not meet the requirements of the cited statutory provisions. There was no evidence by the custodian of the records of the Arkansas hospital or by any other qualified person that the document in question was a business record, as that term is defined in the Uniform Business Records as Evidence Act, RCW 5.45. The appellant cites *State v. Rutherford,* 66 Wn.2d 851, 405 P.2d 719 (1965), in support of his contention that the court erred in refusing to admit the unauthenticated record in evidence. In the *Rutherford* case, the document was admitted in evidence because the witness had personal knowledge regarding the identity of the record and the mode of its preparation. The cited case is therefore not apropos.

The appellant further contends that since the unauthenticated record was in the file of Dr. Riley, it constituted a part of *his* business records. Appellant contended that the doctor considered it, together with other evidence in arriving at his conclusion that Lloyd Allen Weeks was sane at all times herein material. Assuming, arguendo, that the doctor considered an unauthenticated record in arriving at his conclusion, that fact goes only to the weight of his testimony as an expert. The unauthenticated record in the file of the doctor is not a business record of the doctor as that term is defined by RCW 5.45.020, *supra*. In order for such business records to be introduced in evidence, in derogation of the hearsay rules, the record must be (1) made in the regular course of business, at or near the time in question, by the one performing the service or some other qualified person, and (2) identified by the custodian of the record or other qualified person as to its contents and its mode of preparation. The fact that an unauthenticated record was in the file of Dr. Riley does not make it admissible in evidence as a part of his business records. It was not a business record of Dr. Riley within the meaning of the statute because it was not a record of his treatment of the patient made by his office in the regular course of business. We find no merit in appellant's first assignment of error.

■    Appellant's second assignment of error is that the court in the presence of the jury commented on the testimony of the appellant in violation of Const. art. 4, § 16. The comments alleged to be prejudicial were made by the court in sustaining objections to certain testimony of the appellant. The judge, in ruling on the objections, stated that the testimony would be excluded for the reason that they were "self-serving" declarations. This court has many times held that the trial court, in expressing its reason for its rulings such as above indicated, does not violate the constitutional prohibition. *State v. Willis,* 67 Wn.2d 681, 409 P.2d 669 (1966); *State v. Estill,* 50 Wn.2d 245, 310 P.2d 885 (1957); *State v. Surry,* 23 Wash. 655, 63 Pac. 557 (1900). We find no merit in appellant's second assignment of error.

Appellant's third assignment of error is, "The Court erred in holding inadmissible the testimony of the appellant regarding his mental condition."

When the appellant elected to become a witness in his own behalf, he was permitted to testify concerning his life's history from his infancy to the date of trial. He also testified in detail of his confinement and treatment at the Arkansas mental institution, that he was under shock treatment for nearly a year and was given extensive therapy and medical treatment prior to his release. Objections were sustained to evidence held by the court to be irrelevant to the issue "whether he knew the difference between right and wrong" at the time of the commission of the alleged offense. Appellant, in the absence of the jury, then made an offer of proof. During the offer of proof, the court ruled that appellant could state whether he believed in demons and spirits and whether he had hallucinations or delusions, and further that appellant's testimony would be unrestricted as to any matter that was relevant to his plea of mental irresponsibility. When the jury was returned, the appellant did not offer any further evidence relating to his mental irresponsibility.

We find no merit in appellant's contention that he was unduly restricted in his attempt to prove his mental irresponsibility.

Judgment is affirmed.

FINLEY, C. J., DONWORTH and WEAVER, JJ., and LANGEN-BACH, J. Pro Tem., concur.