[No. 106-40682-2.  Division Two.  January 30, 1970.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT WILLIAM NICHOLSON, *Appellant*.

*Robert G. Kerr*, for appellant (appointed counsel for appeal).

*Ronald L. Hendry, Prosecuting Attorney, Joseph D. Mladinov, Special Counsel,* and *Eugene G. Olson, Chief Criminal Deputy,* for respondent.

PER CURIAM.—This is an appeal by defendant from conviction of three counts of forcible rape committed in Pierce County on April 15, 17, and 19, 1968. He was tried before a jury which returned a verdict of guilty on each count. The issues raised by defendant on appeal center about his sole defense of delusional insanity.

Defendant first assigns error in the trial court's refusal of his proposed instruction[1] concerning an incident which occurred while the prosecutor was interrogating the state's psychiatrist. This incident was a question propounded by the prosecutor asking the psychiatrist whether he had been appointed by the court to examine the defendant. Defendant objected to the question, the objection was sustained and there was no further inquiry or testimony in this regard. Defendant argues that this raised an inference in the minds of the jury that the state's psychiatrist was endorsed by the court and that the court's refusal of his proposed instruction amounted to a comment on the evidence in violation of the Constitution of the State of Washington, article 4, section 16.

This argument is without merit. The jury was instructed by the trial court that they were not to draw conclusions or inferences from questions propounded by counsel and ruled out by the court. The case of *State v. Coella*, 3 Wash. 99, 28 P. 28 (1891), which held that a judge's conduct without words can constitute an unconstitutional comment on the evidence is not in point. That case involved extreme behavior on the part of the trial judge—actual physical conduct—which is totally absent in the circumstances of the case at bar.

---

[1] "You are instructed to disregard the Prosecuting Attorney's statement to the effect that Dr. McNutt was appointed by the court to examine the Defendant. The court has not directly or indirectly expressed any belief as to Dr. McNutt's competency or proficiency in the areas upon which he testified. He testified because he was called by the State as a witness."

Defendant's second and third assignments of error are opposite sides of the same coin and will be discussed together. The second challenges the trial court's instruction to the jury on the test of insanity. The instruction as given defined the test in terms limited to the M'Naghten rule—one who is capable of distinguishing between right and wrong and who knows the nature and quality of his actions is deemed sane. Defendant contends that this instruction is defective insofar as it does not include delusional insanity within its scope. The third assigns error to the trial court's exclusion of defendant's proposed instruction on delusional insanity in addition to the instruction on the M'Naghten rule.

We find no merit in these contentions. The test of insanity in the state of Washington remains in terms of M'Naghten. *Seattle v. Hill*, 72 Wn.2d 786, 435 P.2d 692 (1967). The defense of delusional insanity could have been presented and argued within the framework of the M'Naghten rule. Insane delusions could have affected defendant's ability to distinguish right from wrong or his knowledge of the nature and quality of his actions. The instruction given on insanity provides an adequate basis for a defense of delusional insanity and for a jury determination of the question under the circumstances of this case.

Affirmed.