[No. 1478-1.    Division One.    March 11, 1974.]

SINISA BALANDZICH *et al., Appellants,* v. JEROME A.
DEMEROTO, *Respondent.*

*Richard B. Sanders,* for appellants.

*Murray, Dunham & Waitt* and *Wayne Murray,* for respondent.

HOROWITZ, J.—Plaintiffs appeal a judgment in their favor, for personal injuries and property damage sustained in an automobile accident, limited to the issue of the inadequacy of the damages, and seek a new trial on that issue.

The facts are these. Plaintiffs Balandzich sued defendant Demeroto for personal injuries and property damage sustained in an automobile collision which occurred on June 18, 1966, at the intersection of Third Avenue North and Roy Street in Seattle, Washington. At trial a verdict was directed for plaintiffs on the issue of liability, leaving to the jury the assessment of damages. The jury awarded plaintiffs a total of $1,600. Following the verdict plaintiffs filed a motion for new trial. Judgment was thereafter entered on the verdict. Whether or not the court entered an order denying the motion is not clear; the transcript contains no copy of any such order. Plaintiffs appeal the judgment entered. We find no error and affirm.

Plaintiffs first contend the court erred in denying their motion for continuance under the following circumstances. The case was set for trial and continued on six different occasions. On July 29, 1971, the sixth occasion, continuance

was granted because plaintiff wife was in the hospital and unable to attend trial then scheduled for that day. Plaintiffs' then attorney had withdrawn as attorney on July 22, 1971. Plaintiff husband suggested the case be continued to January 12, 1972. The court agreed on the express condition "Plaintiffs shall have no more continuances for any reason."

Thereafter, plaintiffs made several unsuccessful attempts to retain another attorney. They retained their present counsel on January 6, 1972. On January 7, 1972, counsel moved for a seventh continuance stating in his affidavit "at this late date it is physically and humanly impossible for him to properly prepare the case for trial which is set for January 12, 1972." Defendant's counsel, in his July 27, 1971, opposing affidavit in the court file, stated in part:

[T]he constant shifting of trial dates and alerting [defendant] for trial requesting him to put his affairs in order so that he can be in the Seattle area for three or four days have caused hardship on the defendant and he has indicated that because of this he may lose his present employment.

The court denied the motion for continuance. The motion was renewed at trial and again denied.

■ Whether a motion for continuance should be granted or denied is a matter discretionary with the trial court, reviewable on appeal for manifest abuse of discretion. *Jankelson v. Cisel,* 3 Wn. App. 139, 473 P.2d 202 (1970). In exercising its discretion, the court may properly consider the necessity of reasonably prompt disposition of the litigation; the needs of the moving party; the possible prejudice to the adverse party; the prior history of the litigation, including prior continuances granted the moving party; any conditions imposed in the continuances previously granted; and any other matters that have a material bearing upon the exercise of the discretion vested in the court.

■ In the instant case, the action was commenced in August 1967. Plaintiffs had been represented by various

counsel and six continuances had been granted. The sixth continuance was granted on July 29, 1971, to January 12, 1972, a date suggested by plaintiff husband. In granting the continuance, however, the court imposed the condition that "Plaintiffs shall have no more continuances for any reason." Viewed against the totality of the circumstances brought to the trial court's attention on plaintiffs' motion for a seventh continuance, we cannot say the court's exercise of discretion was "upon a ground, or to an extent, clearly untenable or manifestly unreasonable." *Friedlander v. Friedlander*, 80 Wn.2d 293, 298, 494 P.2d 208 (1972).

Plaintiffs contend the court erred in refusing their six requested instructions, including WPI 30.18 (previous infirm condition), WPI 30.07 (impairment of earning capacity), and WPI 30.09 (housekeeping expense) set out in the margin.[1] CAROA 34(9) requires requested instructions be contained in the statement of facts in order to be reviewable. *State v. Johnson*, 7 Wn. App. 527, 500 P.2d 788 (1972), *aff'd*, 82 Wn.2d 156, 508 P.2d 1028 (1973). The text

---

[1]WPI 30.18.

"If you find that before the occurrence the plaintiff had a pre-existing bodily condition which [was not causing pain or disability, and further find that because of this occurrence that condition was lighted up and made active or that the condition] made plaintiff more subject to injury than a person in normal health, then, [if your verdict is in favor of the plaintiff,] plaintiff is entitled to recover [for the lighting up of the condition and] for all injuries and damages which were proximately caused by the occurrence, even though those injuries, due to that condition, may have been greater than those which would have been suffered by a normal person under the same circumstances. [There may be no recovery, however, for any results which would have normally followed from the pre-existing condition had there been no accident.]"

WPI 30.07.

"The reasonable value of [time] [earnings] [earning capacity] [salaries] lost [and the present cash value of the [time] [earnings] [earning capacity] [salaries] reasonably certain to be lost in the future]."

WPI 30.09.

"The reasonable value of necessary household help which has been required as a result of the injury [and the [present cash] value of such expense reasonably certain to be required in the future]."

of the pattern instructions requested, however, is contained in the exceptions taken by plaintiff which are included in the statement of facts. We treat the text of the exceptions so taken as sufficient compliance with CAROA 34(9). According to the text of the exceptions, each of the foregoing pattern instructions was requested in unedited form without indicating which of the alternative words or phrases enclosed in parentheses was to be used by the court. CR 51 (d) (1) requires the pattern instruction be requested

> in the form he wishes it read to the jury. If the instruction in WPI allows or provides for a choice of wording by the use of brackets or otherwise, the written requested instruction shall use the choice of wording which is being requested.

A court is not required "to revise a proposed instruction to make it properly applicable." *State v. Chambers,* 81 Wn.2d 929, 933, 506 P.2d 311 (1973). The requested WPI instructions were properly refused. CR 51 (d) (1), (e).

█ Plaintiffs also contend the court erred in refusing their requested instructions WPI 12.04 (multiple causes) and WPI 15.01 (proximate cause).[2] These too are found in the exceptions taken included in the statement of facts. These exceptions, however, show the pattern instructions

---

[2]WPI 12.04.

"There may be more than one proximate cause of the same [alleged harm] [alleged injury] [occurrence]. If you find that the defendant was negligent and that such negligence was a proximate cause of injury or damage to the plaintiff, it is not a defense that [some other force] [some other cause] [or] [the act of some other person who is not a party to this lawsuit] may also have been a proximate cause.

"[However, if you find that the sole proximate cause of injury or damage to the plaintiff was [some other force] [some other cause] [or] [the act of some other person who is not a` party to this lawsuit] then your verdict should be for the defendant.]"

WPI 15.01.

"The term 'proximate cause' means a cause which in a direct sequence, unbroken by any new independent cause, produces the [injury] [event] complained of and without which such [injury] [event] would not have happened.

"[There may be one or more proximate causes of an [injury] [event].]"

were in the exact and edited form in which plaintiffs requested the court to give them. Assuming the court erred in refusing the requested instructions, plaintiffs were not prejudiced. Whether prejudice exists must be considered in light of all the instructions given. *State v. Toliver,* 6 Wn. App. 531, 494 P.2d 514 (1972). If, therefore, the substance of the refused instruction is included in the instructions given, the error is not prejudicial. *Baxter v. Greyhound Corp.,* 65 Wn.2d 421, 397 P.2d 857 (1964); *Wooldridge v. Pacific Coast Coal Co.,* 22 Wn.2d 314, 155 P.2d 1001 (1945). Furthermore, if the proponent's theory can be adequately argued under other instructions given, the error is ordinarily not prejudicial. *Kjellman v. Richards,* 82 Wn.2d 766, 514 P.2d 134 (1973); *Laudermilk v. Carpenter,* 78 Wn.2d 92, 457 P.2d 1004 (1969).

Instruction No. 2 includes a paragraph on proximate cause identical with the first paragraph of WPI 15.01 in the form requested by plaintiffs. The instruction omits the last sentence of the pattern instruction reading "There may be one or more proximate causes of an [injury] [event]." Instruction No. 2 refers to the required proximate cause as "a cause," not "the cause" or "the sole cause." Had instruction No. 2 used either of the latter phrases, a different question would be presented. *See Cleasby v. Taylor,* 176 Wash. 251, 28 P.2d 795 (1934). Plaintiffs' counsel was able to argue the theory embodied in his proposed instruction WPI 12.04. With instruction No. 2 in the case, we cannot say the jury were misled to plaintiffs' prejudice. It is unnecessary to consider defendant's further arguments advanced to support the trial court's refusal to instruct the jury as requested.

■ Plaintiffs contend the court committed prejudicial error in commenting on the evidence in violation of Const. art. 4, § 16, and demeaning plaintiffs' counsel. During the direct testimony of plaintiffs' witness, Dr. Ivan Loughlen, plaintiffs' attorney sought to introduce four X rays of plaintiff wife, two of which were taken by Dr. Richard Mc-Cullough, Dr. Loughlen's associate. These X rays and Dr.

McCullough's notes concerning the reading of the X rays were all contained in the doctor's file on plaintiff wife. Dr. Loughlen testified he did not bring Dr. McCullough's notes to court. Defendant objected to the admission of the two X rays on the ground the entire file was not before the court. The following colloquy occurred:

MR. MURRAY: Under the business rule statute I gather he is attempting to introduce these, your Honor, the entire business records must be produced. You can't extract.

THE COURT: How long would it take to get your business records from your file here?

MR. SANDERS: Well, his office is up by Cabrini Hospital.

THE COURT: Have someone go up and proceed with these and admit them under those conditions so we don't lose any more time. Get the rest of the file here. Go up and get the entire file. I don't want to try this case but I can't stay here all year.

THE WITNESS: They won't give them to anybody unless I authorize them.

MR. MURRAY: Dr. Loughlen, it is all right with me.

THE COURT: Use the telephone in here and let's get moving. Tell them to deliver them to you so we can get going because that is the rule you have to have the entire file, not what is favorable to you and leave the rest of it out.

MR. SANDERS: Well, I am not implying that. I don't think it is fair to say that in front of the jury.

THE COURT: No, it isn't. I want you to disregard that, but the rule is you've got to have the entire file. He is entitled to have the entire file. When you take part of it out we are losing time.

We do not agree the court's remarks constitute an unlawful comment or that the prejudical effect, if any, of the court's comments was not sufficiently corrected. The court's remarks were addressed to counsel, stating his reasons and the facts upon which he based them. This is not necessarily an unlawful comment. *State v. Weeks,* 70 Wn.2d 951, 425 P.2d 885 (1967); *State v. Studebaker,* 67 Wn.2d 980, 410 P.2d 913 (1966); *State v. Estill,* 50 Wn.2d 245, 310 P.2d 885

(1957). Neither was it an unlawful comment for the court to express some impatience because of delays caused by the failure to have the entire file in court. *See Riblet v. Ideal Cement Co.,* 54 Wn.2d 779, 345 P.2d 173 (1959).

It is true that if statements by the court addressed to counsel in the presence of the jury are made in such a way or under such circumstances as to indicate to the jury the court's opinion concerning the truth or falsity of evidence given, or lack of confidence in the integrity of the witness, Const. art. 4, § 16 will be violated. *See State v. Lampshire,* 74 Wn.2d 888, 447 P.2d 727 (1968); *State v. Bogner,* 62 Wn.2d 247, 382 P.2d 254 (1963); *State v. Gitchel,* 5 Wn. App. 72, 486 P.2d 325 (1971). Similarly, if the court's comments fairly construed reflect on the integrity of counsel, the same result should follow. We do not believe, however, the quoted colloquy, under the circumstances described, violates the rules stated.

■ Assuming, arguendo, such a violation occurred, any prejudice was corrected when, in response to plaintiffs' counsel's objection, the court promptly instructed the jury "to disregard that . . ." *See State v. Surry,* 23 Wash. 655, 63 P. 557 (1900). Plaintiffs requested no other or further corrective instruction. Furthermore, the court's instruction No. 1 told the jury:

The law does not permit me to comment on the evidence, and I have not intentionally done so. If it appears to you that I have so commented, during either the trial or the giving of these instructions, you must disregard such comment entirely.

The jury presumably followed the court's instruction. *State v. Cerny,* 78 Wn.2d 845, 480 P.2d 199 (1971), *modified,* 408 U.S. 939, 33 L. Ed. 2d 761, 92 S. Ct. 2873 (1972). *See State v. Nicholson,* 1 Wn. App. 853, 466 P.2d 181 (1970).

■ Plaintiffs' last assignment of error reads: "The verdict was legally inadequate." The assignment is so general that even in conjunction with the argument in plaintiffs' brief on appeal, we are unable to determine to what specific action of the trial court plaintiffs assign error.

■ A verdict may be set aside by the trial court on a motion for new trial on one or more of the grounds set forth in CR 59. Several of the permissible grounds include inadequacy of damages. CR 59(a)(5), (6), (7). The motion is necessary for review of claimed error not presented for ruling during the trial. *See generally* 4 Orland, Wash. Prac. 393-95 (2d ed. 1968). It is to be noted, however, the power to grant a new trial under CR 59 is vested in the trial court, not in the appellate court. For this court to substitute its views concerning the adequacy of damages for those of the jury would be to invade the province of the jury. *Dorian v. Benj. E. Boone, Inc.,* 152 Wash. 681, 684, 279 P. 107 (1929). For the court to substitute its discretion for that of the trial court in passing on a motion for new trial would be to usurp the function of that court. If, however, the trial court manifestly abuses its discretion in ruling on the motion for a new trial on one or more of the permitted grounds dealing with inadequacy of damages, then the appellate court may grant relief on the basis of the discretion so abused. *See Cowan v. Jensen,* 79 Wn.2d 844, 490 P.2d 436 (1971); *Lipshay v. Barr,* 54 Wn.2d 257, 339 P.2d 471 (1959); *Hopper v. Gallant,* 46 Wn.2d 552, 282 P.2d 1049 (1955). The appeal record shows plaintiffs made a motion for new trial based upon CR 59(a)(5), (6), (7). That record, however, fails to show what, if any, action was taken by the trial court on that motion. If the trial court failed to rule on that motion, there is nothing before us showing an abuse of discretion.

■ Assuming, arguendo, we may treat the error as assigned to be sufficient to raise the question of inadequate damages, only CR 59(a)(5) is applicable. CR 59(a)(6) applies "when the action is upon a contract, or for the injury or detention of property." The claimed inadequacy of damages here is based principally upon injuries to the person. The total of claimed damages to the car, towing and car rental charges, is less than the amount of the verdict. CR 59(a)(7) applies if there is insufficient "evidence to justify the verdict . . . , or that it is contrary to law." In the

instant case, there is sufficient evidence to support the verdict so far as it goes, and unless CR 59(a)(5) requires a different holding, the verdict is not "contrary to law."

CR 59(a)(5) permits a trial court to grant a new trial on the ground: "Damages so excessive or inadequate as unmistakably to indicate that the verdict must have been the result of passion or prejudice." In applying CR 59(a)(5), *Usher v. Leach*, 3 Wn. App. 344, 347, 474 P.2d 932 (1970), after calling attention to the necessity of showing the trial court abused its discretion, points out:

> While a verdict in itself can be so low or so high as to unmistakably indicate passion or prejudice, such was not the case upon the facts before us. Although a higher verdict can be justified upon the evidence, when the verdict in itself is not so low or so high as to *unmistakably* indicate passion or prejudice, there must be definite specific acts, occurrences or incidents which would lead the jury to err for which remedial action was timely requested or against which remedial action would have been futile. *See James v. Robeck*, 3 Wn. App. 108, 472 P.2d 635 (1970). Here the trial court mentioned no such incident, act, or occurrence and our review of the record revealed none. The presumption of correctness of the jury verdict must therefore prevail.

In the instant case, the jury was not compelled to allow all damages claimed. It may well have eliminated plaintiffs' claim for $700 for housekeeping services and plaintiffs' claim for lost earnings on the ground of lack of proximate cause, or, in the case of lost earnings, on the ground the evidence was insufficient to show them. There was substantial evidence to support special damages totaling $686.67. The jury may well have allowed these because the verdict exceeds that sum. The difference between $686.67 and the $1,600 verdict may have represented the jury's allowance for pain and suffering. The jury may have believed that part of the pain and suffering was attributable to the prior condition of the wife's back and was not caused by it. Furthermore, plaintiffs' points on appeal limit our consideration of damages on the issue of inadequacy to "personal

injuries sustained by Mary Balandzich other than any injury to her back as reported in the transcribed testimony." Finally, without evidence of what *Usher v. Leach, supra,* defines as "definite specific acts, occurrences or incidents which would lead the jury to err for which remedial action was timely requested or against which remedial action would have been futile," we cannot say "the verdict was not the dispassionate consideration of the evidence by the jury as they viewed the evidence." *Dorian v. Benj. E. Boone, Inc., supra* at 685. Neither can we say that, if the trial court entered an order denying plaintiffs' motion for new trial, it manifestly abused its discretion. *See Cowan v. Jensen, supra.*

Affirmed.

FARRIS and WILLIAMS, JJ., concur.
Petition for rehearing denied April 25, 1974.
Review denied by Supreme Court June 24, 1974.