# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| YOEL & JOSEPH ENGINEERING LLC, RICHARD OBISANYA , | DIVISION ONE |
| Respondents, | No. 78179-1-I |
| v. | UNPUBLISHED OPINION |
| IRYNA KOBETS, SERGEY KOBETS and all persons in possession, | FILED: April 22, 2019 |
| Appellants. | |

DWYER, J. — This is a residential landlord-tenant case. Yoel & Joseph Engineering, LLC, and Richard Obisanya (collectively Obisanya) are Iryna and Sergey Kobets' (the Kobets) former landlords. The Kobets appeal from a judgment entered against them in an unlawful detainer action brought by Obisanya. The Kobets contend that the court commissioner who presided at their show cause hearing abused his discretion by refusing to allow them to present evidence and testimony and by denying their request for a continuance. However, our review of the record leads us to conclude that the commissioner did not refuse to allow the Kobets to present evidence or testimony at the hearing and that the commissioner did not abuse his discretion by denying the Kobets' request for a continuance. Accordingly, we affirm.

I

The Kobets rented residential property from Obisanya, pursuant to a written lease agreement, for $3,500 per month.

The Kobets refused to pay the rent due January 1, 2018. Obisanya then served a notice to pay rent or vacate, followed by an unlawful detainer summons and complaint when the Kobets declined to pay or to vacate the premises.

The unlawful detainer action was set for a show cause hearing on February 8, 2018, before Commissioner Henry Judson. On the day of the hearing, counsel for Obisanya was present but Obisanya himself failed to appear (mistakenly believing that the hearing was scheduled for the following day) and was available only by telephone. Because the commissioner anticipated testimony from Obisanya and preferred to have testimony presented in person rather than by telephone, he ordered a continuance.

The second hearing was held on February 15, 2018, in front of Commissioner Pro Tem Larry Garrett. The Kobets were not prepared to begin at the start of the day's calendar. Commissioner Garrett thus delayed calling the case to allow counsel for the Kobets to prepare additional copies of written evidence to present during the hearing.

At the beginning of the hearing, counsel for the Kobets and Sergey Kobets began speaking at the same time, prompting the following colloquy with Commissioner Garrett:

> THE COURT: Okay. Well, there's either going to be argument or testimony. You get to pick, Counsel. Which is it?
> [Counsel for the Kobets]: It's going—I will argue, but if you ever want to have questions for, you can.

2

THE COURT: No. I don't want two people talking at once is my point.

The Kobets presented various documents, all of which Commissioner Garrett accepted into the record. They did not present any sworn testimony. The Kobets asserted that the documents presented supported a defense to the eviction because, they claimed, the evidence showed that the Kobets had paid to fix habitability issues with the property and were accordingly entitled to an abatement of the rent. However, the Kobets conceded both that their defense of rent abatement required them to establish that they gave notice to the landlord of the problems with the property and that the documents they had presented to the commissioner did not show that the Kobets had provided the required notice.

Commissioner Garrett asked the Kobets' counsel multiple times if she had any additional evidence ready to present that would prove that the Kobets gave notice to Obisanya of the alleged defects in the property. At first, counsel for the Kobets asserted that she did not "have it here right now" but that she could "look real quick." She then asserted that it was "in the response." A few minutes later, when asked again if she had any evidence to present, she claimed that she had more evidence with her and that her client had additional evidence. However, rather than present the evidence to the commissioner, Kobets' attorney requested additional time to prepare the evidence for presentation, leading to the following exchange:

> [Counsel for the Kobets]: So I have—regarding the offer of proof, I have more emails here, and if the Court allows me to make a copy, I will make a copy of those. Those emails state—
> THE COURT: You're really kidding, aren't you, Counsel? So you—we've—this case has been delayed. You were in here this

3

morning. You needed to run out to make more copies to present things. I've allowed that to be submitted, and now you're asking me, "Do you want more information? I can go come up with it." You should have done that well in advance of that hearing, and you know that. So just why don't you—

[Counsel for the Kobets]: I apologize.

THE COURT: —stop while you're behind on that and keep moving with an argument.

[Counsel for the Kobets]: Yeah. I apologize, Your Honor. The fact that the motion was continued had nothing to do with my client. It's because Mr. Obisanya didn't appear last time for the hearing. That's why the motion was—

THE COURT: No. My point is you had additional opportunity to submit extra evidence to the benefit of your client and you for some reason chose not to. That's not my problem, and I'm not going to consider additional matters, paperwork that you've chosen not to submit at this time.

Shortly thereafter, the Kobets sought a continuance to have "the time to submit additional evidence." Obisanya objected, asserting both that the hearing had already been continued once, thus giving the Kobets an extra week to prepare evidence, and that a continuance was inappropriate because the Kobets were seeking additional time to present their own e-mail records, evidence over which they had control well prior to the date of the show cause hearing. Commissioner Garrett agreed with Obisanya and denied the continuance, explaining to the Kobets' attorney that "[t]here was opportunity. There was adequate opportunity to be prepared for this hearing, Counsel, and you're just, frankly, not. So no."

Subsequently, Commissioner Garrett ruled in favor of Obisanya, entering a judgment and issuing a writ of restitution.

4

The Kobets then moved to vacate the judgment and the writ of restitution (pursuant to CR 60[1]), and requesting that the matter be set for trial. At oral argument on this motion before Commissioner Pro Tem Brad Moore, the Kobets asserted that Commissioner Garrett had wrongfully refused to consider evidence and had breached an affirmative duty to swear in and examine Sergey Kobets during the show cause hearing. However, upon inquiry by Commissioner Moore, the Kobets' attorney conceded that she could have called Sergey Kobets to testify.

> THE COURT: Correct me if I am wrong. Couldn't you have said: I want—excuse me. I want—this is Mr. Kobets?
> [Counsel for the Kobets]: That's correct.
> THE COURT: I want Mr. Kobets to testify, please swear him in? And you could have asked him: Explain each one of these defects to the Court. You could have done that?
> [Counsel for the Kobets]: I could have done that, yes.

Commissioner Moore denied the Kobets' motion, concluding that the Kobets had not established a due process violation and that CR 60 was not even applicable to the Kobets' situation. The Kobets then filed a motion for revision. The superior court judge denied revision.

The Kobets filed a notice of appeal, claiming errors by both Commissioner Garret (in his ruling during the show cause hearing) and Commissioner Moore (in his ruling on the Kobets' motion to vacate). The Kobets do not appeal from the superior court ruling denying their motion for revision.

---

[1] CR 60 states, in pertinent part, that
> [o]n motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reasons:
>> (1) Mistakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order.

CR 60(b).

II

The Kobets make two primary assertions on appeal: (1) that Commissioner Garrett erred by refusing to allow the Kobets to present additional evidence at the show cause hearing and by failing to swear in and question Sergey Kobets in violation of RCW 59.18.380, and (2) that Commissioner Garrett erred by denying the Kobets' request for a continuance.[2] Neither merits appellate relief.

A

The Kobets first assert that Commissioner Garret violated RCW 59.18.380 by refusing to allow them to present additional evidence regarding their defense of rent abatement during the show cause hearing and by failing to swear in and question Sergey Kobets. In response, Obisanya asserts that Commissioner Garrett did not refuse to admit any additional evidence the Kobets actually presented at the show cause hearing and that RCW 59.18.380 did not require Commissioner Garrett to swear in and question Sergey Kobets. Obisanya has the better argument.

The Residential Landlord-Tenant Act of 1973, chapter 59.18 RCW, "sets out the step-by-step procedure for evicting tenants as unlawful detainers."

---

[2] The Kobets also seek review of Commissioner Moore's ruling, asserting that Commissioner Moore erred by denying the Kobets motion to vacate Commissioner Garrett's ruling. However, in cases involving a commissioner's ruling that has been reviewed by the superior court on revision, "[w]e review the superior court's ruling, not the commissioner's." State v. Ramer, 151 Wn.2d 106, 113, 86 P.3d 132 (2004). "Once the superior court makes a decision on revision, 'the appeal is from the superior court's decision, not the commissioner's.'" Ramer, 151 Wn.2d at 113 (quoting State v. Hoffman, 115 Wn. App. 91, 101, 60 P.3d 1261 (2003)). The Kobets have already obtained review by the superior court, which declined to modify Commissioner Moore's ruling. Because the Kobets have improperly appealed from Commissioner Moore's order after having sought revision of the order before the superior court, we decline to consider their appeal from Commissioner Moore's order.

6

Randy Reynolds & Assocs. v. Harmon, No. 95575-1, slip op. at 12 (Wash. Mar. 28, 2019) http://www.courts.wa.gov/opinions/pdf/955751.pdf. First, "the landlord must serve the eviction notice on the tenant. If the tenant has not complied with the eviction, the landlord [then] serves a summons and complaint." Randy Reynolds, slip op. at 12 (citation omitted) (citing RCW 59.18.200(1)(a); RCW 59.18.365).

> To evict the tenant, a landlord may apply for a writ of restitution at the same time as commencing the action or at any time thereafter. RCW 59.18.370. To obtain a writ, a landlord must apply for an order for a show cause hearing to be held 6 to 12 days after the order and serve that order on the tenant. *Id.* A show cause hearing is a "summary proceeding[] to determine the issue of possession pending a lawsuit" and is not the final determination of rights in an unlawful detainer action.

Randy Reynolds, slip op. at 12-13 (alteration in original) (quoting Carlstrom v. Hanline, 98 Wn. App. 780, 788, 990 P.2d 986 (2000)).

RCW 59.18.380 sets forth the proper procedures for such show cause hearings, stating, in pertinent part:

> At the time and place fixed for the hearing of plaintiff's motion for a writ of restitution, the defendant, or any person in possession or claiming possession of the property, may answer, orally or in writing, and assert any legal or equitable defense or set-off arising out of the tenancy. . . . The court shall examine the parties and witnesses orally to ascertain the merits of the complaint and answer, and if it shall appear that the plaintiff has the right to be restored to possession of the property, the court shall enter an order directing the issuance of a writ of restitution.

At show cause hearings "[t]he court may not 'disregard evidence that credibly supports a legitimate defense.'" Faciszewski v. Brown, 187 Wn.2d 308, 321, 386 P.3d 711 (2016) (quoting Leda v. Whisnand, 150 Wn. App. 69, 81, 207 P.3d 468 (2009)). In Leda, we explained that "Washington law simply does not

countenance eviction of people from their homes without first affording them some opportunity to present evidence in their defense, but that right is not absolute: it is tempered by a grant of authority to trial courts to manage the scope and manner in which evidence is presented, rather than leaving it to the discretion of attorneys or pro se litigants." 150 Wn. App. at 83. We further clarified that "if an unlawful detainer defendant properly asserts a viable defense either in written pleadings or at an RCW 59.18.380 show cause hearing, the trial court has the discretion to conduct examination in lieu of the parties doing so, and so to limit testimony to that which is strictly necessary to properly decide the issue of interim possession of the property."[3] Leda, 150 Wn. App. at 82-83.

> In summary, then, the proper procedure by which a trial court should conduct an RCW 59.18.380 show cause hearing is as follows: (1) the trial court must ascertain whether *either* the defendant's written or oral presentations potentially establish a viable legal or equitable defense to the entry of a writ of restitution and (2) the trial court must then consider sufficient admissible evidence (including testimonial evidence) from parties and witnesses to determine the merits of any viable asserted defenses.

Leda, 150 Wn. App. at 83.

The Kobets assert that Commissioner Garrett violated the provisions of RCW 59.18.380 by refusing to consider evidence and by failing to swear in and question Sergey Kobets during the show cause hearing. We disagree.

First, the record simply does not support the Kobets' assertion that Commissioner Garrett prevented them from presenting evidence to support their claimed defense of rent abatement. Instead, Commissioner Garrett repeatedly

---

[3] We also noted that courts may choose to "allow the parties or their counsel to conduct witness examinations." Leda, 150 Wn. App. at 83 n.5.

requested to see any evidence the Kobets had to support such a defense. However, counsel for the Kobets indicated that she was unprepared to present the evidence she claimed to possess regarding the Kobets giving notice to Obisanya of the alleged defects in the property. At first, she explained that she did not have it with her. She then later claimed that she could obtain it if the commissioner would allow her to leave the hearing to go prepare it. At no point during the show cause hearing did the Kobets actually attempt to present the evidence that they now assert the trial court refused to consider.

Second, the Kobets misstate the requirements of RCW 59.18.380 when they assert that the commissioner erred by failing to swear in and examine Sergey Kobets at the show cause hearing. The Kobets assert that the statute required the commissioner to examine Sergey Kobets under oath despite the fact that the Kobets never sought to have Sergey Kobets sworn in to testify at the hearing. To the contrary, our decision in Leda is clear that RCW 59.18.380 guarantees the opportunity to present evidence in support of viable defenses. Leda, 150 Wn. App. at 83. As we explained in Leda, the purpose of permitting the court the discretion to examine parties is to allow the court to "limit testimony to that which is strictly necessary." 150 Wn. App. at 83. This ensures that a court can conduct a show cause hearing "in a sufficiently expeditious manner to accommodate its calendar while still preserving the defendant's procedural rights." Leda, 150 Wn. App. at 83. Thus, the statute does not require that a court always swear in and examine a tenant so long as the tenant has had a full

9

opportunity to present any evidence, including testimonial evidence, that the tenant wishes to convey to the court during the show cause hearing.

The record before us clearly shows that the Kobets had the opportunity to present testimony but did not avail themselves of it. The Kobets' attorney conceded, during the hearing on the Kobets' motion to vacate, that she could have asked Commissioner Garrett to swear in Sergey Kobets at any time during the show cause hearing. But the Kobets never sought to have Sergey Kobets provide sworn testimony.[4]

Commissioner Garrett did not violate RCW 59.18.380 during the show cause hearing.

B

The Kobets next assert that Commissioner Garrett erred by denying their request for a continuance. We disagree.

"Whether a motion for continuance should be granted or denied is a matter of discretion with the trial court, reviewable on appeal for manifest abuse of discretion." Trummel v. Mitchell, 156 Wn.2d 653, 670, 131 P.3d 305 (2006) (citing Balandzich v. Demeroto, 10 Wn. App. 718, 720, 519 P.2d 994 (1974)). A

---

[4] Perhaps recognizing that their interpretation of the statutory requirements for show cause hearings is off the mark, the Kobets also assert that the following exchange shows that the commissioner would have rejected any request to swear in Sergey Kobets and that this is enough to constitute a violation of the statute:
> THE COURT: Okay. Well, there's either going to be argument or testimony. You get to pick, Counsel. Which is it?
> [Counsel for the Kobets]: It's going—I will argue, but if you ever want to have questions for, you can.
> THE COURT: No. I don't want two people talking at once is my point.

The Kobets assert that the commissioner's statement that there is "either going to be argument or testimony" shows that he would not have both let Sergey Kobets testify and let the Kobets' attorney argue. However, it is clear that the commissioner's point was that he did not want to have both the attorney and Sergey Kobets speaking at the same time.

court abuses its discretion when its decision is based on untenable grounds or is manifestly unreasonable. Trummel, 156 Wn.2d at 671 (quoting Balandzich, 10 Wn. App. at 721).

"In exercising its discretion, a court may properly consider the necessity of reasonably prompt disposition of the litigation; the needs of the moving party; the possible prejudice to the adverse party; the prior history of the litigation, including prior continuances granted the moving party; any conditions imposed in the continuances previously granted; and any other matters that have a material bearing upon the exercise of the discretion vested in the court." Trummel, 156 Wn.2d at 670-71 (citing Balandzich, 10 Wn. App. at 720). A court may deny a continuance sought to prepare additional evidence when the "requesting party does not offer a good reason for the delay in obtaining the desired evidence." Turner v. Kohler, 54 Wn. App. 688, 693, 775 P.2d 474 (1989).

The circumstances herein do not establish that the commissioner's denial of the Kobets' request for a continuance was based on untenable grounds or was manifestly unreasonable. The matter had already been continued, giving the Kobets an extra week to prepare their evidence, and the commissioner also delayed calling the case on the day of the hearing to provide counsel for the Kobets additional time to prepare. Additionally, the Kobets sought the continuance to prepare evidence of the Kobets' own e-mail communications. Furthermore, when pressed as to why she had not prepared the evidence before the show cause hearing, the Kobets' attorney's only explanation was that she did

11

not realize she would need the evidence.[5] The Kobets had an adequate opportunity to prepare for the show cause hearing. They presented no good reason for their lack of preparation. Thus, denying the request for a continuance was not an abuse of discretion.

III

Both parties seek an award of attorney fees. Because Obisanya is the prevailing party on appeal and the terms of the lease agreement between the Kobets and Obisanya provides for an award of attorney fees to the prevailing party in legal actions brought to enforce the terms of the lease agreement, Obisanya is entitled to an award of fees.

"Washington follows the American rule 'that attorney fees are not recoverable by the prevailing party as costs of litigation unless the recovery of such fees is permitted by contract, statute, or some recognized ground in equity.'" Panorama Vill. Condo. Owners Ass'n Bd. of Dirs. v. Allstate Ins. Co., 144 Wn.2d 130, 143, 26 P.3d 910 (2001) (quoting McGreevy v. Or. Mut. Ins. Co., 128 Wn.2d 26, 35 n.8, 904 P.2d 731 (1995)). This rule requires, initially, that a party must prevail in order to receive an attorney fee award. "In general, a prevailing party is one who receives an affirmative judgment in his or her favor." Riss v. Angel, 131 Wn.2d 612, 633, 934 P.2d 669 (1997). "Contractual provisions awarding attorney fees to the prevailing party also support an award of

_____

[5] She offered this explanation while also acknowledging that the defense of rent abatement required proof that the tenant had provided notice to the landlord of defects in the property.

appellate attorney fees." <u>City of Puyallup v. Hogan</u>, 168 Wn. App. 406, 430, 277 P.3d 49 (2012).

Obisanya is the prevailing party on appeal. The terms of the lease agreement between the Kobets and Obisanya state:

> In the event either party engages, retains or hires an attorney to enforce any provision of this Lease, or any obligation under law, including but not limited to the collection of rent and/or other charges due hereunder, both Landlord and Tenant agree that, to the fullest extent permissible by law, court costs . . . and reasonable attorney's fees may be awarded to the prevailing party.

Therefore, Obisanya is entitled to an award of attorney fees for this appeal. Upon Obisanya's compliance with RAP 18.1, a commissioner of our court will enter an appropriate order awarding fees and costs.

Affirmed.

We concur:

13