IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| SIRA CRUZ, an Individual; PLAZA LATINA RC, INC., a Washington Corporation; and MGD PAINTING CORPORATION, a Washington Corporation, | No. 82404-0-I |
| | DIVISION ONE |
| Respondents, | UNPUBLISHED OPINION |
| v. | |
| GILBER FRANCISCO ROJO, an individual; PLAZA LATINA GR CORPORATION, a Washington Corporation; ALDRIN LUCIO ROJO, an individual; NORTH SEATTLE DRYWALL CORPORATION, a Washington Corporation; and DOES I-IV, unknown parties, | |
| Appellants. | |

SMITH, J. — Gilber Francisco Rojo, Plaza Latina GR Corporation, Aldrin Lucio Rojo, and North Seattle Drywall Corporation (collectively Rojo) appeal the denial of their motion for a continuance before a summary judgment hearing. Because the trial court did not abuse its discretion by denying the motion after two years of Rojo's non-participation in the action, we affirm.

FACTS

In May 2018, Sira Cruz, Plaza Latina RC Incorporated, and MGD Painting Corporation (collectively Cruz) sued Gilber Francisco Rojo and Plaza Latina GR

Citations and pin cites are based on the Westlaw online version of the cited material.

Corporation, alleging that Rojo had breached his fiduciary duties and duty of care, had tortiously interfered with Plaza Latina RC's business expectancy, and had engaged in civil conspiracy and unfair competition. In July, Cruz amended the complaint, naming additional defendants; adding more claims for tortious interference, breach of contract, defamation, and conversion; and requesting declaratory relief and damages. In August 2018, Rojo filed an answer, affirmative defenses, and counterclaims.

In January 2019, the court granted Rojo's motion to continue trial. In June, Rojo's attorney withdrew as counsel. In August, the court granted Cruz's motion to compel discovery responses from Rojo, finding that Rojo had not responded to any of Cruz's interrogatories or requests for production from April of that year. On October 16, 2019, Cruz moved to continue trial because Rojo had still not responded to any of Cruz's discovery requests, and the court granted the motion. In May 2020, the court continued trial to October 2020 due to restrictions related to COVID-19.[1]

By September 24, 2020, Rojo had still not responded in any way to the April 2019 interrogatories and requests for production. The court found that Rojo's violation was willful and caused substantial prejudice to Cruz, and accordingly sanctioned Rojo by striking his answer, affirmative defenses, and counterclaim. In October 2020, Rojo failed to appear for a bench trial, and at

---

[1] COVID-19 is the World Health Organization's official name for "coronavirus disease 2019," a severe, highly contagious respiratory illness that quickly spread throughout the world after being discovered in December 2019.

Cruz's request, the court granted a continuance to January 25, 2021. On December 2, 2020, Cruz moved for summary judgment.

At the hearing on January 25, 2021, a new attorney, Matthew Heyert, filed a notice of limited appearance for Rojo solely to represent him in a motion to continue trial. Through Heyert, Rojo filed a motion to continue trial to allow time to retain new counsel, explaining the delay primarily by reference to Rojo's depression and anxiety in the wake of the COVID-19 pandemic. The court granted a short continuance to February 8 to obtain an interpreter, and set a due date of February 2 for Rojo's response to the summary judgment motion. Rojo did not file a response.

On February 8, Rojo appeared at the summary judgment hearing with Heyert and a new attorney, William Frick, whom Rojo had just retained to represent him in the case starting after the continuance hearing. Heyert renewed the request for a 60-day continuance. The court denied the motion, finding that Rojo had failed to establish good cause and that it would be prejudicial to Cruz to continue the hearing any longer. Frick withdrew as counsel because he was not yet prepared to argue the summary judgment motion. The parties then went forward with the summary judgment hearing, with Rojo representing himself. The court granted summary judgment to Cruz, and Rojo appeals.

ANALYSIS

Rojo contends that the court abused its discretion by denying his motion to continue the hearing. We disagree.

A court may continue a trial for good cause, and may continue a summary

judgment hearing to permit a party to obtain essential affidavits or other evidence. CR 40(d), 56(f).[2] The court may consider several factors in deciding a motion for a continuance, including

> the necessity of reasonably prompt disposition of the litigation; the needs of the moving party; the possible prejudice to the adverse party; the prior history of the litigation, including prior continuances granted the moving party; any conditions imposed in the continuances previously granted; and any other matters that have a material bearing upon the exercise of the discretion vested in the court.

Balandzich v. Demeroto, 10 Wn. App. 718, 720, 519 P.2d 994 (1974). The court's primary consideration in deciding the motion should be justice. Coggle v. Snow, 56 Wn. App. 499, 508, 784 P.2d 554 (1990). Allowing new counsel time to prepare can be an appropriate reason for a continuance, especially where the party would otherwise "be penalized for the . . . dilatory conduct" of their first attorney. Coggle, 56 Wn. App. at 508. "In general, a trial court's decision granting or denying a continuance of trial lies with the sound discretion of the court, and will not be disturbed on appeal absent a showing that the trial court failed to exercise its discretion or manifestly abused its discretion." City of Tacoma v. Bishop, 82 Wn. App. 850, 861, 920 P.2d 214 (1996). The court abuses its discretion if its discretion is "exercised on untenable grounds or for untenable reasons, considering the purposes of the trial court's discretion." Coggle, 56 Wn. App. at 507.

---

[2] Furthermore, under the King County Superior Court Local Civil Rules (KCLCR), a continuance should not be granted after the final date to change the trial date "except under extraordinary circumstances where there is no alternative means of preventing a substantial injustice." KCLCR 40(e)(2).

Here, the court appropriately weighed the facts in denying Rojo's motion for a continuance. The court considered the need to resolve a case that had been going on for two and a half years and found prejudice to Cruz, who had to "keep coming back, keep paying her attorneys," and had an expert ready to testify. The court also noted that there was not a clear showing that more time would be particularly useful to Rojo, given that his answer had been stricken and he had missed the deadline to identify any witnesses or exhibits.[3] The court noted that when the case was continued two weeks prior, "we were pretty clear . . . that this was likely going to proceed today." The court appropriately considered the circumstances of the COVID-19 pandemic, noting that it "appreciate[d] that we have been living through extraordinary times," but ultimately found that the pandemic did not justify the ongoing dramatic lack of participation on Rojo's part, especially given that Rojo's first attorney withdrew in 2019, "long before COVID," and that Rojo "didn't get a lawyer, just stopped participating altogether for over a year." The court appropriately weighed the relevant factors and considered the interests of justice, not just for Rojo but also

---

[3] Rojo submitted no affidavits discussing the need to acquire evidence essential to his defense, as provided for in CR 56(f), presumably because he had missed the discovery cutoff anyway.

for Cruz, and ultimately found that there was no good cause for a continuance. The court did not abuse its discretion by denying the motion.

We affirm.

_____

WE CONCUR:

_____  _____