[No. 29470. Department One. February 16, 1945.]

WILLIAM CHESTER WOOLDRIDGE, *a Minor, by Helen A. Wooldridge, his Guardian ad Litem, Appellant,* v. PACIFIC COAST COAL COMPANY, *Respondent.*[1]

[1]Reported in 155 P. (2d) 1001.

*Oscar A. Zabel* and *Philip J. Poth,* for appellant.

*Kahin & Carmody,* for respondent.

MILLARD, J.—An oil truck owned and operated by defendant is alleged to have struck plaintiff, who, by his guardian *ad litem,* instituted this action to recover for personal injuries claimed to have been sustained thereby. Trial of the cause to a jury resulted in verdict in favor of defendant. From the judgment entered on the verdict, motions for judgment notwithstanding the verdict and for a new trial having been overruled, the plaintiff appealed.

It is the position of appellant that judgment should have been entered in his favor for the reason that respondent, as a matter of law, was guilty of negligence which caused his

injuries. Under the evidence, which on appeal should be viewed in the light most favorable to respondent, we are clear that the verdict in favor of respondent was warranted. The evidence which the verdict reflects the jury accepted as true is summarized as follows:

The course of Lake View boulevard in the city of Seattle is northeasterly and southwesterly. The course of Lake View place, which intersects Lake View boulevard, is westerly and northerly from Lake View boulevard. Lake View place, which is a platted and designated street with an overall right of way sixty feet wide, is not paved; it is graveled and covered with weeds and grass so that, at the time of the accident, that portion of the roadway of Lake View place which was usable was approximately eight and one-half feet in width. Lake View place drops towards the north down a twelve and one-half per cent grade. The houses on the west side of the street in this block bear odd numbers and face on Lake View place. The street runs along the rear of the houses on the east side of the street. Appellant's family resided at 1313 Lake View place, their house facing the street.

The accident out of which this action arose occurred in the middle of the afternoon, October 1, 1943. The truck operated by respondent's employee was nineteen and one-fourth feet long and seven and one-half feet wide. With its load of oil, the truck weighed about seven tons. Respondent's driver operated the truck to the north from Lake View boulevard down Lake View place a distance of 180 feet to a point where he made a delivery of oil. About thirty feet north of this point, Lake View place comes to a dead end.

After delivering the oil, the truck driver removed the blocks he had placed under the wheels on each side of the truck, looked up the street to the south before entering the cab of his truck. There was no sign of any person in the roadway of Lake View place. He then proceeded to back slowly up the hill (he testified that any adult walking beside the truck at an ordinary pace could have passed the truck) and all of the time he was backing he was alternately leaning out of the open truck door on his left and looking

to the rear and then looking in the rear view mirror on the right post of his truck. He admitted that at no time did he sound the horn of the truck or give any signal or warning prior to starting up the hill on the return trip.

He thus proceeded to a point about fifty feet from Lake View boulevard, when, as he turned to look into his right hand mirror over the hood of his truck he saw appellant child lying north of the front right side of the truck. He heard the child's cry, whereupon he stopped the truck immediately, alighted from the truck, picked up the child, and carried him into the child's home. No one saw the child for some time prior to the accident. There is no evidence when, where, or from what direction the child approached the roadway.

█ The contention of appellant that respondent's operator was not looking, hence did not see the child, or, if he was looking, he did not look with proper attention and is therefore held to have seen that which he must have seen had he looked, from which it follows, in either event, the operator was negligent as a matter of law, is not supported by the evidence. The cases cited in support of the proposition that a person is charged with having seen that which was there to be seen had he looked, are not apposite, as in each of the cited cases there was some evidence that the person or thing which was struck was actually in a position where the person or thing must have been seen by one exercising ordinary care to see the person or thing.

In the case at bar, the child was two years old and about two and one-half feet in height. The child was not seen by anyone until subsequent to the accident. Weeds and grass were growing close up to the usable portion of the roadway. What the relative positions of the child and truck were when the child came into the roadway, is not disclosed by the evidence. There is no evidence to establish the fact whether the child walked or ran into collision with the truck, nor whether the rear, the side, or the front of the truck collided with the child.

█ Error is next assigned on the failure of the trial court to give appellant's requested instruction No. 4 that a traffic

ordinance of the city of Seattle defines an "alley" as a public highway within the ordinary meaning of alley not designed for general travel and primarily used as a means of access to the rear of residences and business establishments; and that, if the jury found that, under the ordinance definition, Lake View place was an alley, it was to take into consideration that the ordinance further provided that, in emerging from an alley or private driveway, no vehicle shall back into or out of any alley except when same is obstructed. The requested instruction further charged that, if the jury found that respondent violated the aforesaid provision of the ordinance, such violation would be negligence as a matter of law, and if the jury found that such negligence was the proximate cause of the accident, the verdict should be for appellant.

The position of appellant is not tenable. The definition of "alley" by the city ordinance is the same as the statutory definition of that term. Rem. Rev. Stat., Vol. 7A, § 6360-1 [P. C. § 2696-767] (a). To be an alley, under either definition, the way must be a public highway within the ordinary meaning of alley not designed for general travel, and it must be primarily used as a means of access to the rear of residences and building establishments. All of the elements stated in the two definitions must concur; they do not.

Lake View place was a means of access to the rear of residences on the east side of Lake View place, but that was not the primary use of Lake View place. It was equally the only means of access to the front of residences on the west side of Lake View place. The residence of appellant was one of these. By the terms of the ordinance quoted in appellant's requested instruction, backing into or out of an alley is not prohibited when an alley is obstructed. If Lake View place were an alley, as defined in the ordinance and statute, the prohibition invoked by appellant would be inapplicable for the reason that, under the evidence, Lake View place had a usable roadway of not more than eight and one-half feet in width, and the north end of this roadway was not only obstructed, it was completely closed. As stated above, it was the end of Lake View place, and whether a

truck could turn around therein is doubtful. It is unlawful to back into or out of an alley in Seattle only when that alley is primarily used as a means of access to the rear of residences and building establishments and is unobstructed. Lake View place was not such a way.

Error is next assigned on refusal to give appellant's requested instruction No. 5, which charged the jury that the statute (Rem. Rev. Stat., Vol. 7A, § 6360-35 [P. C. § 2696-772]) provides that every motor vehicle shall be equipped with a suitable horn, which shall be sounded at any time when such vehicle is approaching a condition of danger or where, in the exercise of due care, warning should be made, or at such times and under such conditions as required by law. By that requested instruction, the jury was further charged that, if it found that the operator of respondent's truck, while backing same, violated the cited statute, such violation would be negligence as a matter of law; and if the jury found that such negligence was the proximate cause of the accident, the "verdict must be for the" appellant.

The court instructed the jury that the failure of the operator of the truck to keep a proper lookout while backing his truck would constitute negligence. The question whether the operator kept a proper lookout is foreclosed by the verdict.

There is no evidence that the sounding of a horn would have averted the accident. The child was not seen until it was too late to do other than the driver did—stop the truck. There is an absolute lack of evidence that the operator ever knew, or should have known, that the truck was approaching a condition of danger with reference to the child. As argued by counsel for respondent, a condition of danger may possibly confront any operator of a motor vehicle at any time; and if the contention of appellant is sound in the case at bar, such operator would be required to continuously sound his horn while driving.

The authority, *Cleveland v. Grays Harbor Dairy Products,* 193 Wash. 122, 74 P. (2d) 909, cited by appellant, is not apt. In that case, the driver was backing in a narrow street where other automobiles were parked and children were

playing, from which it follows, of course, that it was his duty to sound his horn repeatedly while backing. In the case at bar, there is no evidence that the child was playing in Lake View place; in fact, the only evidence in the record is contrary thereto. There is no evidence that any other condition was present which necessitated any warning signal. We are not aware of any ordinance, statute, or rule that requires the sounding of an automobile horn simply because the driver is backing his vehicle.

■ Error is next assigned on refusal to instruct the jury that, as a matter of law, a child of the age of appellant cannot be guilty of contributory negligence, and that the jury should disregard any claim of contributory negligence on the part of that child. Respondent made no claim that the child was guilty of contributory negligence; it was not pleaded and was not an issue in the cause. Further, no evidence was offered to establish the fact of contributory negligence.

■ Appellant urges as error the refusal to give requested instruction No. 11, to the effect that a child in a public street is not a trespasser, and that the driver of a vehicle is not justified in the assumption that a young child will display the judgment and prudence of an experienced adult and must govern his own conduct with some reasonable degree of respect of that fact.

That paragraph of the requested instruction merely restates the question of contributory negligence, which was never in issue. The second paragraph of the requested instruction that, if appellant satisfied the jury by a fair preponderance of the evidence that the operator of the truck was guilty of negligence in backing the truck, which negligence was a proximate cause of the accident, the verdict should be in favor of appellant and against respondent, was proper; however, it was given in substance by the court in another instruction.

■ It is next insisted that the court erred in refusing to give appellant's requested instruction No. 12 and appellant's additional requested instructions Nos. 1 and 2, that an operator of a vehicle will not be heard to say that he looked

and did not see what was there to be seen. The assignment is without merit. There was no evidence, only an assumption, that the child was ever in the roadway or within sight of the operator of the truck. It is likely that the child was on the right side of the road out of sight of the operator and was struck while standing too close to the truck. We repeat: There is no evidence when, how or from what direction the child approached the roadway or whether the child came into collision with the rear, the side, or the front of the truck, or whether the truck ran into the child, or the child ran into the truck.

■ Likewise without substantial merit is appellant's contention that the court erred in excluding evidence that children were in the habit of playing in Lake View place. Counsel for appellant asked the mother of appellant child whether the children of the neighborhood of Lake View place were in the habit of playing in that street. Respondent's objection to the question was sustained, and there the matter ended. There is no contention that children were playing in the street at the time of the accident, nor was any offer made to prove that Lake View place was in any peculiar or unusual degree a playground for children. We find no such allegation in the complaint of appellant; nor does our examination of the record disclose any offer or attempt to prove that, if such unusual condition existed, the operator of respondent's truck had any knowledge or notice of such condition.

There was nothing in evidence to distinguish Lake View place from any other city street as a place where children might play; however, the court in its instructions covered the question in appellant's favor by charging the jury that it might consider the possibility or probability that children might be in the vicinity of such operation in determining the question whether the operation of the truck was or was not negligent.

The judgment is affirmed.

BEALS, C. J., STEINERT, JEFFERS, and GRADY, JJ., concur.