IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION THREE

JOSEPH LETTRICK, an individual, ) No. 33058-3-III
)
            Appellant, )
)
    v. ) UNPUBLISHED OPINION
)
KRISTINA JOHNSON, Defendant, and )
the marital property thereof, if any, )
)
            Respondent. )
)

PENNELL, J. — Joseph Lettrick appeals a jury verdict finding Kristina Johnson not

liable for injuries and damages claimed by Mr. Lettrick as a result of a motor vehicle

accident. We affirm the verdict but reverse and remand the trial court's award of costs, as

the amount allowed for expenses in obtaining medical records was not limited to the

records actually admitted into evidence at trial.

## FACTS

This action arises out of a motor vehicle accident that occurred on March 30, 2011,

in the Costco parking lot in Kennewick, Washington. Joseph Lettrick and Kristina

Johnson were parked on opposite sides of an aisle in the lot and at some point their

vehicles contacted back to back. A jury trial was held October 6-10, 2014. At trial,

witnesses gave varying accounts of the accident. In dispute was whether both parties

were backing out of their parking spots at approximately the same time, whether one or

both vehicles were moving backward at the time of the collision, whether Ms. Johnson's actions in backing up were proper, and also where the point of impact occurred.

During the trial, Mr. Lettrick moved to admit Dr. Brian O'Grady's deposition testimony into evidence. The trial court denied the motion. At the conclusion of trial, the jury returned a verdict in favor of Ms. Johnson, finding she was not negligent. The court awarded Ms. Johnson costs totaling $2,111.36, which included $1,288.01 for expenses in obtaining medical records, and entered its judgment on November 14, 2014. Mr. Lettrick subsequently filed a motion for judgment as a matter of law and for a new trial. The court denied the motion. Mr. Lettrick appeals.

## ANALYSIS

A. Challenges to the Jury Verdict

1. *The motion for judgment as a matter of law*

Mr. Lettrick assigns error to the trial court's denial of his motion for judgment as a matter of law under CR 50. However, because Mr. Lettrick did not file his motion prior to submission of the case to the jury, this claim has been waived. *Millies v. LandAmerica Transnation*, No. 91301-3, 2016 WL 1255338, at *6 (Wash. Mar. 31, 2016).

2. *The motion for new trial*

As an alternative to his motion for judgment as a matter of law, Mr. Lettrick

2

maintains he is entitled to a new trial under CR 59. We review a trial court's decision denying a motion for a new trial for abuse of discretion. *State v. Fry*, 153 Wn. App. 235, 238, 220 P.3d 1245 (2009). A trial court abuses its discretion in denying a motion for a new trial if the verdict is contrary to the evidence. *Palmer v. Jensen*, 132 Wn.2d 193, 198, 937 P.2d 597 (1997). "Where the proponent of a new trial argues the verdict was not based upon the evidence, appellate courts will look to the record to determine whether there was sufficient evidence to support the verdict." *Id.* at 197.

The thrust of Mr. Lettrick's argument is that Ms. Johnson was negligent as a matter of law because she admitted she was not continuously looking backward while reversing her vehicle. On direct examination, the pertinent testimony elicited from Ms. Johnson was as follows:

> Q. Were you looking back to the back of your vehicle when this accident happened?
> A. No.
> Q. So, had you shifted back to turn around so that you could engage the car to go, because you talked about the fact you put your arm behind the arm rest and was turning back to look back?
> A. Right.
> Q. Okay, so explain that.
> A. So, I was still backing out but had—I guess, yeah. I was getting ready to finish backing out, put it in drive and go forward.

2 Verbatim Report of Proceedings (VRP) (Oct. 9, 2014) at 327. On cross-examination, Ms. Johnson provided a further description, stating:

3

Q. Okay. You just said that by the time—by the time of impact you were already starting to face forward.

A. I had turned my body forward.

Q. Okay.

A. Yes.

Q. You were no longer looking backward?

A. Correct.

Q. Do you rely on your back up sensor when you're getting close to the end of your back up?

A. No. I still have my mirrors that I can see.

Q. You were still moving at the time of this impact though?

A. Yes.

Q. At around five miles an hour?

A. Or less.

2 VRP at 337-38.

We will not lightly overturn a jury verdict. Instead, we are required to evaluate the evidence in the light most favorable to the prevailing party. *Herriman v. May*, 142 Wn. App. 226, 232, 174 P.3d 156 (2007). When viewed from this perspective, Ms. Johnson's testimony indicated that, while reversing her vehicle, she either turned her head or used her mirrors to make sure the path behind her was clear. Thus, there was no unequivocal evidence presented to the jury that Ms. Johnson violated the applicable standard of care. *Cleveland v. Grays Harbor Dairy Prods., Inc.*, 193 Wash. 122, 126, 74 P.2d 909 (1938) (a driver backing up a vehicle must exercise ordinary care and adopt sufficient means to ascertain whether others are in the vicinity who may be injured); *Wooldridge v. Pac. Coast Coal Co.*, 22 Wn.2d 314, 316-17, 155 P.2d 1001 (1945) (driver who alternates

4

between looking backward and relying on safety mirrors could be found not liable).

The jury was accurately instructed that, as a driver, Ms. Johnson had a duty to exercise ordinary care in the operation of her vehicle. Clerk's Papers at 1391-93, 1399. Mr. Lettrick did not seek any further instructions addressing the standard of care for a driver operating his or her vehicle in reverse. As given, the trial court's instructions enabled counsel to argue that the jury should find Ms. Johnson negligent because her testimony suggested she was not looking backward and did not take sufficient precautions while reversing her vehicle. Transcript (Oct. 10, 2014) at 35, 72. However, the jury was not required to accept counsel's characterization of the evidence. Because there was substantial evidence to support the jury's verdict and because there was no substantial injustice under the law, the trial court acted within its discretion to deny Mr. Lettrick's motion for a new trial.

3.    *Dr. Brian O'Grady's deposition testimony*

Mr. Lettrick argues the trial court erred by not allowing the trial testimony of Dr. Brian O'Grady to be presented to the jury through the reading of Dr. O'Grady's deposition transcript. However, because Dr. O'Grady's proposed testimony went to the issue of damages, not liability, any error in exclusion was harmless.

B. The Award of Costs

Mr. Lettrick argues the trial court erred by awarding Ms. Johnson costs for medical records she already had copies of, or alternatively, she was only entitled to costs for records actually admitted into evidence at trial. "The standard of review for an award of costs involves a two-step process." *Hickok-Knight v. Wal-Mart Stores, Inc.*, 170 Wn. App. 279, 325, 284 P.3d 749 (2012). First, this court "review[s] de novo whether a statute, contract, or equitable theory authorizes the award." *Id.* "Second, if such authority exists, [this court] review[s] for abuse of discretion the amount of the award." *Id.*

RCW 4.84.010(5) allows reimbursement to a prevailing party of "[r]easonable expenses . . . incurred in obtaining reports and records, *which are admitted* into evidence at trial . . . including but not limited to medical records . . . ." (Emphasis added.) "The clause 'which are admitted into evidence at trial' is a restrictive clause that limits the reports and records for which the prevailing party may be reimbursed," i.e. "those reports and records ultimately used and actually admitted at trial." *Hickok-Knight*, 170 Wn. App. at 326.

The trial court's cost award only complied with the foregoing legal standards in part. All of the medical records and billings Ms. Johnson obtained from Physicians Immediate Care were admitted into evidence at trial. Thus, Ms. Johnson was entitled to

6

full reimbursement in the amount of $626.39. In contrast, only one record from Kadlec

Regional Medical Center was admitted at trial. Yet the court awarded Ms. Johnson

reimbursement of $661.62 for all the records obtained from Kadlec, including numerous

documents not admitted into evidence. This blanket award violated the plain terms of

RCW 4.84.010(5). Because not all the records from Kadlec Regional Medical Center

were admitted into evidence, the cost award should have been tailored to the lone record

meeting the terms of the statute. RCW 4.84.010(5).

Based on the foregoing, the jury's verdict is affirmed, but the award of costs in the

judgment is reversed in part. This matter is remanded to the trial court for a revised

assessment of costs consistent with this opinion.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Pennell, J.

WE CONCUR:

_____
Fearing, C.J.

_____
Korsmo, J.

7