# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 84346-0-I |
| Respondent, | |
| v. | DIVISION ONE |
| ROY ALVIN FULLER, | UNPUBLISHED OPINION |
| Appellant. | |

BIRK, J. — A jury convicted Roy Fuller of third degree assault against his intimate partner Moriah Marlin. Fuller presents one assignment of error, asserting the State failed to prove bodily harm accompanied by substantial pain that extended for a period of time sufficient to cause considerable suffering, as required for third degree assault under RCW 9A.36.031(1)(f).

Marlin testified Fuller wrapped his arm around her neck and started choking her. Marlin testified Fuller used "subtle force to scare" her, but as she tried to escape "he started to tighten a little bit." Marlin asked why he was doing this because she was pregnant, and then Fuller started punching her in the side of her stomach three times, with Marlin blocking them. Marlin screamed for her 11 year old son in the next room to call 911, and Fuller went looking for her son. Marlin located her phone, and she and Fuller engaged in a scuffle to obtain the phone, during which Marlin ended up on the ground and scuffed her knee. When asked how much pain she was in, she testified she was "numb." She had pain in her leg

because of the raw skin being ripped. A police officer responded. The officer testified Marlin reported she had been choked on several occasions and started seeing stars on one of the occasions. The officer observed redness around the left side of Marlin's neck and facial area and "rug burn" marks on one of her knees. Marlin's injuries appeared recent. The mark on Marlin's neck was consistent with having been caused by Fuller choking her. Marlin appeared to be in physical pain. The officer took four photographs of Marlin's injuries, which were admitted as exhibits 1-4 at trial. The photographs depict red marks on Marlin's neck and knee. When asked if she felt "any pain later that week," Marlin testified, "Maybe a little sore but not—not anything that was of concern."

We review a challenge to the sufficiency of the evidence by considering the evidence in the light most favorable to the State, affording it all reasonable inferences, and asking whether any rational trier of fact could have found the essential elements of the charged crime beyond a reasonable doubt. State v. Saunders, 132 Wn. App. 592, 600, 132 P.3d 743 (2006). In Saunders, the evidence was sufficient to establish third degree assault where the victim "complained of neck pain lasting for more than three hours, and that she had swelling on her cheek and an abrasion on her forehead, all of which was consistent with her claim that Saunders threw her against a wall and choked her." Id. In State v. Fry, the evidence was sufficient to establish third degree assault where the victim reported having been punched in the face, resulting in her right eye and right side of her face becoming swollen, with pain throughout that morning. 153 Wn. App. 235, 237, 241, 220 P.3d 1245 (2009). With the evidence taken in the light

most favorable to the State and reasonable inferences drawn in the State's favor, the jury was entitled to conclude Marlin had a level of pain from the assault lasting a sufficient time to establish "considerable suffering" as required by RCW 9A.36.031(1)(f). Under Saunders and Fry, the evidence was sufficient.

Affirmed.

_Birk, J._

WE CONCUR:

_Chung, J._                    _Smith, C.J._