**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 86168-9-I |
| Respondent, | |
| | DIVISION ONE |
| v. | |
| | UNPUBLISHED OPINION |
| JOSEPH WIEGERT, | |
| Appellant. | |

MANN, J. — Joseph Wiegert appeals his conviction for assault in the first degree. Wiegert argues the trial court erred when it denied his motion for a new trial based on juror misconduct. Wiegert also argues that the victim penalty assessment (VPA) should be stricken from his judgment and sentence. We remand to strike the VPA from Wiegert's judgment and sentence. We otherwise affirm.

I

On January 30, 2020, Wiegert, who has a history of mental illness and drug abuse, forced entry into the home of Robert and Ryana Covington.[1] Robert shot Wiegert in the shoulder after Wiegert rushed him. Wiegert and Robert struggled with

---

[1] For clarity, because they share the same last name, we refer to Robert and Ryana by their first names. No disrespect is intended.

the firearm for several moments and Wiegert grabbed the barrel of the gun and tried to point it at Robert. Ryana managed to retrieve and safely secure the gun. The Covingtons escaped the home before law enforcement arrived.

Wiegert was charged with burglary in the first degree and assault in the first degree. A jury found Wiegert guilty of assault in the first degree. The jury did not reach a verdict on the burglary in the first degree or the alternate charges.

Before sentencing, Wiegert moved for a mistrial asserting that the jury foreperson told defense counsel that he had conducted extrinsic research on legal standards before deliberations.

At a hearing on June 13, 2022, defense counsel conceded that they had yet to interview the juror and wanted to get more details before the court. The State argued that based on what was in front of the court, the trial court should deny the motion. The trial court denied the motion but set the matter for review and potential sentencing on July 11.

When the parties reconvened, defense counsel had subpoenaed the juror without providing the subpoena to the State or filing additional motions. The trial court proposed a continuance to allow the State to speak to the juror and return for argument.

Before the hearing recessed, the juror explained to the court:

[JUROR]: I actually think it's a very simple one to solve. I don't understand why we want to even drag it on any further, because from what I'm reading right here, what I was served was it says, at this point, we need to know more information about what you research[ed] before deliberations. And that didn't happen. It didn't happen until after deliberations that any research went on.

And what it went on was the actual State's definition of—I believe it was assault one and burglary one. And what we were given was the

-2-

paperwork, and I didn't feel that the definitions and what had the description of what intent was. I was the only one other than—excuse me, there was one other juror, myself and [other juror], that did not want to actually go with the burglary.

THE COURT: So [juror], if I get what you're saying, you didn't look anything up until after you delivered your verdict, is that correct?

[JUROR]: That is correct.

THE COURT: Okay.

[JUROR]: [E]xcuse me, I'm sorry. I apologize. No, I did during deliberation, I did look up burglary one and assault one. That did happen. We didn't understand the term intent under burglary one.

The trial court set the hearing over for a week and asked the juror to reach out to both the State and defense counsel to let them know exactly what occurred.

Wiegert sought reconsideration of his motion for mistrial. At the time, defense counsel had still been unable to interview the juror.

The trial court reconvened on July 18, 2022. The State informed the court that it had spoken to the juror and that:

[The juror] told me that during the course of deliberations, a question arose about the definition of burglary in the first degree, that they felt the jury instructions did not define the actual crime properly. So he researched. He went to Google and typed in Washington State burglary in the first degree and got a legal definition of burglary in the first degree.

He indicated that he did not do any research—or any outside research about the assault charge. He indicated that that was an easy verdict for the jury to reach. The sole thing that he researched was the legal definition of burglary in the first degree, which, as the Court is well aware, the jury was unable to reach a verdict in this case. So, it would be the State's position that there's no prejudice to . . . Mr. Wiegert in this case.

The trial court determined, "with the juror's comments that the charge that there was a conviction on, there was no research or no discussion outside of the jury instructions

and the jury room deliberations. At this point in time, I'm going to deny again the motion."

Wiegert appeals.

II

Wiegert argues that the trial court abused its discretion when it denied his motion for a new trial based on juror misconduct. We disagree.

The Sixth Amendment to the United States Constitution and article I, section 22 of the Washington Constitution guarantee a fair trial by an impartial jury. "The right of trial by jury means a trial by an unbiased and unprejudiced jury, free of disqualifying jury misconduct." State v. Tigano, 63 Wn. App. 336, 341, 818 P.2d 1369 (1991).

We review a trial court's investigation of juror misconduct for abuse of discretion. State v. Earl, 142 Wn. App. 768, 774, 177 P.3d 132 (2008). Similarly, we review a trial court's decision denying a motion for a new trial based on juror misconduct for an abuse of discretion. State v. Balisok, 123 Wn.2d 114, 117, 866 P.2d 631 (1994). A court abuses its discretion if its decision is manifestly unreasonable or exercised on untenable grounds. Breckenridge v. Valley Gen. Hosp., 150 Wn.2d 197, 203-04, 75 P.3d 944 (2003).

"A strong, affirmative showing of juror misconduct is required to impeach a verdict." Richards v. Overlake Hosp. Med. Ctr., 59 Wn. App. 266, 271, 796 P.2d 737 (1990). A jury's consideration of extrinsic evidence constitutes misconduct and may justify a new trial. Balisok, 123 Wn.2d at 118. Extrinsic evidence is information that is outside the evidence admitted at trial. Balisok, 123 Wn.2d at 118. A court presumes prejudice upon a showing of misconduct, but "that presumption can be overcome by an

adequate showing that the misconduct did not affect the deliberations." State v. Gaines, 194 Wn. App. 892, 897, 380 P.3d 540 (2016).

In State v. Arndt, 5 Wn. App. 2d 341, 344, 426 P.3d 804 (2018), months after a verdict, a juror admitted to struggling with the term "premeditation" and looking it up on the Internet. The juror provided a defense investigator with websites she may have visited and testified at a hearing on a motion for a new trial. Arndt, 5 Wn. App. 2d at 344-45. The juror testified that she had not shared the research with other jurors. Arndt, 5 Wn. App. 2d at 345. The trial court determined that the juror committed misconduct but found the research did not affect the verdict. Arndt, 5 Wn. App. 2d at 345-46. On appeal, Arndt asserted that the juror's Internet research could have affected the verdict. Arndt, 5 Wn. App. 2d at 348. The appellate court disagreed, holding the trial court did not abuse its discretion in concluding that the definitions the juror viewed were indistinguishable to the jury instructions and the research did not contribute to the verdict. Arndt, 5 Wn. App. 2d at 351.

Similarly, in State v. Fry, 153 Wn. App. 235, 238, 220 P.3d 1245 (2009), a juror looked up the word "substantial" in her dictionary at home, brought the dictionary to deliberations, but did not share the definition or dictionary with the other jurors. The trial court determined that the dictionary and definition did not contribute to the verdict because they were not injected into the jury's deliberations. Fry, 153 Wn. App. at 239. The appellate court affirmed, holding the trial court's decision to deny the motion was based on tenable grounds. Fry, 153 Wn. App. at 239.

Wiegert asserts that the trial court abused its discretion by misinterpreting what the juror said. Wiegert emphasizes that the juror said he looked up intent under both burglary and assault while the trial court found he looked up only burglary.

While the juror told the court on July 11 that he had looked up both burglary and assault, it is unclear what websites the juror visited or if the information he gleaned was substantially similar to the jury instructions. And when the parties reconvened one week later, the defense had no other information to present to the court. The State, however, had spoken to the juror and told the court the juror researched only burglary, the charge the jury did not reach a verdict on.

Nothing in the record reflects that the juror did anything but Google the intent requirements for one or both of the charged crimes. Despite Wiegert's assertion to the contrary, there is no evidence that the juror shared the results of his research with the other jurors. There is no evidence that any misconduct prejudiced Wiegert.

In reply, Wiegert asserts that the trial court should have held another evidentiary hearing. This court does not address matters raised for the first time in reply briefs. RAP 10.3(c); Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992). In any event, the trial court has the discretion to decide whether an evidentiary hearing is necessary and the trial court may limit the scope of its inquiry where the moving party does not satisfy its burden of proving misconduct or prejudice. State v. Berhe, 193 Wn.2d 647, 657, 444 P.3d 1172 (2019); Earl, 142 Wn. App. at 774-76.

The motion for reconsideration presented no new evidence. In addition, neither the first motion nor the motion for reconsideration presented any evidence of prejudice.

And there is no evidence in the record that the juror shared their research with other members of the jury.

The trial court did not abuse its discretion when it denied Wiegert's motion for a mistrial.

III

Wiegert argues that the VPA should be waived because he is indigent. We agree.

In 2023, the legislature added a subsection to RCW 7.68.035 that prohibits courts from imposing the VPA on indigent defendants as defined in RCW 10.01.160(3); LAWS OF 2023, ch. 449, § 1. Our courts have held that recent amendments to statutes governing legal financial obligations apply retroactively to matters pending on direct appeal. State v. Ellis, 27 Wn. App. 2d 1, 16, 530 P.3d 1048 (2023).

The State does not dispute that Wiegert is indigent and concedes that this matter should be remanded to strike the VPA fee from Wiegert's judgment and sentence. We accept the State's concession and remand.

We remand to strike the VPA from Wiegert's judgment and sentence. We otherwise affirm.

_____
Mann, J.

WE CONCUR:

_____        _____
Feldman, J.                              Hazelrigg, A.C.J.