

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DAVID GUTTORMSEN and TERRY GUTTORMSEN, husband and wife, )
)
          Appellants, )
)
          v. )
)
AURORA BANK, FSB, a federally chartered savings bank; AURORA LOAN SERVICES, LLC, a limited liability company; NATIONSTAR MORTGAGE LLC, a Texas limited liability company; FEDERAL NATIONAL MORTGAGE ASSOCIATION, a United States government sponsored enterprise; QUALITY LOAN SERVICE CORPORATION OF WASHINGTON, a Washington corporation, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation; and DOE DEFENDANTS, 1-10, )
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
          Respondents, )
)
          and )
)
HSBC MORTGAGE SERVICES, INC., a Delaware corporation, )
)
          Defendant. )
_____ )

No. 72506-8-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: August 3, 2015

BECKER, J. — This appeal is from the dismissal of a lawsuit filed by borrowers to resist a scheduled nonjudicial foreclosure sale. The issues raised by the borrowers do not reveal any infirmity with the foreclosure proceedings nor do they provide grounds for a consumer protection action. We affirm.

On February 23, 2006, appellants David and Terry Guttormsen executed a promissory note in the amount of $200,000 payable to AIG Federal Savings Bank. The Guttormsens secured the note with a deed of trust against real property located in Everett, Washington. The deed of trust listed Stewart Title as the trustee and the Mortgage Electronic Recording System (commonly referred to as "MERS") as the beneficiary.

A history of transactions involving the note and deed of trust is found in the declaration of A.J. Loll, a vice-president of Nationstar Mortgage LLC. Nationstar was servicing the loan at the time this suit was filed. According to Loll, HSBC Mortgage Services Inc. purchased the note from AIG on April 22, 2006. HSBC then indorsed the note in blank via an allonge. On August 28, 2007, Federal National Mortgage Association (hereinafter "Fannie Mae"), purchased the loan from HSBC. Aurora Loan Services LLC was servicing the loan at the time of Fannie Mae's purchase and continued in that role until Nationstar acquired the right to service the loan in July 2012.

The Guttormsens failed to make the May 1, 2011, payment required under the note. According to Loll, at the time of the motions for summary judgment in this case, the Guttormsens were in arrears on their loan in the approximate amount of $76,344.96.

The record reflects that in November 2011, MERS assigned its rights as the original beneficiary under the deed of trust to Aurora Bank FSB.

On June 13, 2012, Aurora Bank FSB appointed Quality Loan Service Corporation of Washington as the successor trustee. On July 13, 2012, Quality Loan issued to the Guttormsens a notice of default.

On December 17, 2012, Quality Loan recorded a notice of trustee's sale. The notice set the date of the sale for April 19, 2013.

On April 18, 2013, the Guttormsens filed suit in Snohomish County Superior Court against Aurora Bank FSB and Aurora Loan Services (collectively "Aurora"), Nationstar, Fannie Mae, Quality Loan, HSBC, MERS, and 10 unknown defendants. The complaint asserted claims for violation of the deed of trust act, chapter 61.24 RCW, and the Criminal Profiteering Act, chapter 9A.82 RCW, against all the named defendants. The complaint also asserted a consumer protection claim against Aurora, Quality Loan, Nationstar, and MERS. The Guttormsens sought and obtained an order restraining the sale.

On July 8, 2013, Quality Loan recorded a notice of discontinuance of trustee's sale.

On March 28, 2014, the superior court granted the motion for summary judgment brought by Aurora, Nationstar, Fannie Mae, and MERS.

On September 10, 2014, the superior court granted Quality Loan's motion for summary judgment.

The Guttormsens appeal.

We review an order granting summary judgment de novo, performing the same inquiry as the trial court. Owen v. Burlington N. & Santa Fe R.R. Co., 153 Wn.2d 780, 787, 108 P.3d 1220 (2005). A motion for summary judgment will be granted where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). The nonmoving party may not rely on speculation, argumentative assertions that unresolved factual issues remain, or on having its affidavits considered at face value. Wash. Fed. Sav. v. Klein, 177 Wn. App. 22, 311 P.3d 53 (2013), review denied, 179 Wn.2d 1019 (2014).

Sufficiency of declarations

To establish the admissibility of business records documenting their roles and authority in the events leading up to the attempted foreclosure, the respondents rely primarily on facts provided by the declarations of Loll and Sierra Herbert-West.

Loll, the vice-president of Nationstar whose declaration set forth factual assertions related to the note and deed of trust, stated that the basis of his declaration was either his personal knowledge or his review of Nationstar's business records:

> 2. I have personal knowledge of the matters set forth herein, or the facts set forth herein are based upon my review of Nationstar's business records, which records are made by myself or from information transmitted by a person with knowledge of the event described therein, at or near the time of the event described, and are kept and relied upon in the ordinary course or the regularly conducted business activity of that person and/or Nationstar, and it is the regular practice of Nationstar to make and maintain such business records.

3. I am familiar with Nationstar's practices and procedures in making and maintaining its business records, and I have reviewed and analyzed the relevant business records and other documents referenced and attached hereto. In particular, I am familiar with the systems that Nationstar uses to create and record information related to the residential mortgage loans that Nationstar services or serviced, including the process by which employees of Nationstar enter information into those systems. Nationstar's business records include the servicing records related to the loan that were generated prior to the assignment of servicing rights to Nationstar.

Loll attached to his declaration copies of the note, deed of trust, MERS' assignment of the deed of trust to Aurora, and Aurora's assignment of the deed of trust to Nationstar.

Herbert-West is a trustee sales officer for Quality Loan. Her declaration states that Quality Loan had Aurora's beneficiary declaration before it issued the notice of trustee's sale and that the sale was discontinued. She attached to her declaration both the beneficiary declaration and the notice of discontinuance of trustee's sale.

The Guttormsens assert that the trial court erred in admitting these declarations, particularly Loll's.

Normally, we review a trial court's decision to admit or exclude evidence for an abuse of discretion. Discover Bank v. Bridges, 154 Wn. App. 722, 726, 226 P.3d 191 (2010). However, the de novo standard of review is used by an appellate court when reviewing all trial court rulings made in conjunction with a summary judgment ruling. Folsom v. Burger King, 135 Wn.2d 658, 663, 958 P.2d 301 (1998).

To be considered on summary judgment, a supporting declaration must be made on personal knowledge, and the facts set forth must be admissible in evidence.

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.

CR 56(e). Washington courts consider the personal knowledge requirement to be satisfied if the proponent of the evidence satisfies the business records statute. See Discover Bank, 154 Wn. App. at 726. A business record is admissible as competent evidence under certain, enumerated circumstances.

> A record of an act, condition or event, shall in so far as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission.

RCW 5.45.020.

In Discover Bank, debtors appealed from a judgment requiring them to pay their credit card debt. They argued that the trial court erred in considering business records and affidavits from three employees of a debt collection agency working on behalf of their creditor. This court rejected the debtors' argument that the witnesses were not competent. The court properly considered the business records based on the declarants' statements that they worked for the collections agency, they had access to the debtors' account records in the course of their employment, they made their statements based on personal knowledge and

6

review of the records and under penalty of perjury, and the attached account records were true and correct copies made in the ordinary course of business. Discover Bank, 154 Wn. App. at 726.

Like the declarants in Discover Bank, Loll and Herbert-West made declarations under penalty of perjury. They declared that (1) they were an officer or an employee of Nationstar and Quality Loan, respectively, (2) they had personal knowledge from their own review of records related to the Guttormsens' note and deed of trust, and (3) the attached records were true and correct copies. Loll also declared that he had personal knowledge of Nationstar's practice of maintaining business records.

The Guttormsens zero in on Loll's statement that the business records he reviewed were made by himself "or from *information transmitted by a person* with knowledge of the event described therein." They argue that this statement means his declaration was inadmissible under the business records exception because it contains information compiled and received from third parties. They cite State v. Weeks, 70 Wn.2d 951, 425 P.2d 885 (1987), and 5C KARL B. TEGLAND, WASHINGTON PRACTICE: EVIDENCE LAW AND PRACTICE § 803.39 (5th ed. 2007).

The transactions discussed by Loll appear to be solidly and legitimately rooted in Nationstar's business records. And in any event, the Guttormsens fail to show how any of the challenged statements of fact by Loll are material. For example, they question how Loll knew that HSBC acquired ownership of the note from AIG and how he knew that Fannie Mae purchased it from HSBC. But

ownership of the note is not relevant. Trujillo v. Nw. Tr. Servs., Inc., 181 Wn. App. 484, 502, 326 P.3d 768 (2014), review granted, 182 Wn.2d 1020 (2015). The important question is whether the entity that initiated the nonjudicial foreclosure was the holder of the note. The record contains a declaration of beneficiary, by Nationstar as Aurora's agent, that Aurora Bank FSB was the actual holder of the note as of December 5, 2012. The foreclosure process began after that date.

The Guttormsens fault Loll for failing to explain why the note was later transferred from Aurora to Nationstar, for failing to set forth terms and conditions of the transfer, and for failing to attach documentation of the transfer. The Guttormsens cite no authority, and we have found none, requiring a declarant to attach documentation to verify each assertion made. Further, they do not explain why the terms of the Aurora to Nationstar transfer were material.

Loll declared that Aurora directed MERS to execute a corporate assignment of the deed of trust in favor of Aurora. The Guttormsens challenge Loll's competence to testify about the MERS assignment. Again, there is no showing of materiality. The respondents do not rely on the MERS assignment to establish their authority to act.

Loll declared that Nationstar, as Aurora's attorney in fact, executed an assignment of the deed of trust to Fannie Mae in September 2012. This was an incorrect statement, because as is shown by the document itself—attached by Loll to his declaration—the document was Aurora's assignment of the deed of

trust to Nationstar, not to Fannie Mae. This minor discrepancy does not by itself raise a credibility issue that requires Loll's entire declaration to be discounted.

The Guttormsens complain generally in their brief that Loll's declaration should be regarded as unreliable because of details he omitted:

> Indeed, A.J. Loll fails to provide the Court facts that would establish (1) what specific documents he is referring to and obtained his information from; (2) how the documents he/she refers to or relies on are maintained, whether in hard copy or electronic; (3) if the records are maintained by electronic means, whether the computer document retrieval equipment used by NATIONSTAR is standard; (4) the original source of the materials maintained; (5) the identity of person who compiled the information contained in the files or computer printouts; (6) when the entries were made and whether they were made at or near the time of the happening or event; and (7) how Nationstar relies on these records; or (8) any means by which the trial court could evaluate the authenticity of the documents provided and the reliability of A.J. Loll's testimony. See RCW 5.45.020; State v. Smith, 16 Wn. App. 425, 558 P.2d 265 (1976) and State v. Kane, 23 Wn. App. 107, 594 P.2d 1357 (1979). Absent establishment of each of these elements, the information A.J. Loll provides is unverifiable, unreliable and inadmissible. CR 56(e); RCW 5.45.020; ER 803.

(Footnote omitted.) The authorities cited by the Guttormsens do not support their assertion that the listed items of information are required to make Loll's declaration admissible.

We conclude that the trial court did not err in considering the Loll and Herbert-West declarations in support of the motions for summary judgment.

Violations of the deed of trust act

The deed of trust act does not create an independent cause of action for monetary damages based on alleged violations of its provisions where, as here, no foreclosure sale has been completed. Frias v. Asset Foreclosure Servs., Inc., 181 Wn.2d 412, 417, 334 P.3d 529 (2014). But under appropriate factual

circumstances, violations of the deed of trust act may be actionable under the Consumer Protection Act, chapter 19.86 RCW, even where no foreclosure sale has been completed. Frias, 181 Wn.2d at 417.

To prevail on an action for damages under the Consumer Protection Act, the plaintiff must establish (1) unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) public interest impact, (4) injury to plaintiff in his or her business or property, and (5) causation. Hangman Ridge Training Stables Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 780, 719 P.2d 531 (1986).

Whether a particular action gives rise to a Consumer Protection Act violation is reviewable as a question of law. Leingang v. Pierce County Med. Bureau, Inc., 131 Wn.2d 133, 150, 930 P.2d 288 (1997).

To prove that an act or practice is deceptive, neither intent nor actual deception is required. The question is whether the conduct has "the *capacity* to deceive a substantial portion of the public." Hangman Ridge, 105 Wn.2d at 785. The Guttormsens assert that an unfair or deceptive act or practice is presumed where MERS is involved. Bain v. Metro. Mortg. Group, Inc., 175 Wn.2d 83, 285 P.3d 34 (2012). In Bain, our Supreme Court held that, notwithstanding the fact that MERS was listed as the original beneficiary of the deed of trust, MERS was not the holder of the note and thus did not have authority to appoint a trustee to enforce the note. Bain, 175 Wn.2d at 88. But because it was "likely true" that "lenders and their assigns are entitled to name [MERS] as their agent," the court stated that "nothing in this opinion should be construed to suggest an agent cannot represent the holder of a note." Bain, 175 Wn.2d at 106. The problem in

Bain was that MERS appeared to be acting on its own, without direction from a principal.

Contrary to the Guttormsens' argument, Aurora's appointment of Quality Loan as successor trustee to Stewart Title was not "based upon" MERS' assignment of its beneficiary interest to Aurora. As holder, Aurora's entitlement to enforce was independent of MERS. Aurora's actions were not unfair or deceptive for purposes of proving a consumer violation. The Guttormsens point to the mere fact that MERS was listed as the original beneficiary, which, under Bain, is not enough. Bain, 175 Wn.2d at 120.

The violation of the trustee's duty of good faith may be actionable as a violation of the Consumer Protection Act. See Frias, 181 Wn.2d at 417. The Guttormsens allege Quality Loan violated its duty of good faith by relying on the beneficiary declaration when it had knowledge that the beneficiary was the holder but not the owner of the note. Their argument rests on the assumption that the beneficiary must be both the owner and the holder of the note to enforce it. That argument was rejected by this court in Trujillo, 181 Wn. App. 484. The Guttormsens assert that Trujillo was "made irrelevant by" Lyons v. U.S. Bank National Association, 181 Wn.2d 775, 336 P.3d 1142 (2014). We disagree. In Lyons, the beneficiary declaration created an issue of material fact because the beneficiary did not explicitly state that it was the holder of the note, and therefore it was unclear whether the alleged beneficiary had authority to enforce the note. That problem does not exist here. Nothing in Lyons undermines Trujillo's holding that a holder of an instrument need not also be the owner to enforce it. Quality

Loan was entitled to rely on Aurora's unambiguous declaration that it was the holder of the note. We adhere to Trujillo.

An unusual feature of this case is that the deed of trust was recorded twice, one minute apart. On March 23, 2006, at 12:40 p.m., U.S. Recordings Inc. recorded the deed of trust under Snohomish County recording number 200603230406—the "406 recording." At 12:41 p.m., U.S. Recordings recorded the same deed of trust again, under Snohomish County recording number 200603230407—the "407 recording." How this happened is not explained in the record.

The Guttormsens argue that Quality Loan committed a consumer violation by proceeding with the notice of default and notice of trustee's sale without investigating why there had been two recordings, a minute apart, of the same deed of trust. Some documents in the record refer to the 406 recording while others refer to the 407 recording. The Guttormsens allege that by proceeding toward foreclosure without clarifying the situation, Quality Loan materially violated its duty of good faith. We are unable to regard this issue as anything but a red herring. There was only one deed of trust. The Guttormsens do not make clear what they think Quality Loan had a duty to do upon noticing the double recording. There is no evidence of injury.

The Guttormsens argue that they were deceived by the notice of default. Where the property secured by the deed of trust is residential, the notice of default must include the name and address of the owner of the promissory note or other obligation secured by the deed of trust. RCW 61.24.030(8)(l). Here, the

12

notice identified Fannie Mae as the current owner of the note and Aurora as the current loan servicer. It gave Fannie Mae's address as "c/o Aurora Bank FSB." The Guttormsens claim using Aurora's address for Fannie Mae was a statutory violation that prevented them from realizing Fannie Mae was involved. They say that if they had known Fannie Mae was involved, they could have pursued Fannie Mae sponsored programs that might have provided them a modification of their loan.

The respondents did not conceal Fannie Mae's ownership of the note. The statute is not violated merely because the contact information for an entity is through another entity. The notice of default plainly listed Fannie Mae as the owner. The Guttormsens offer no proof that they tried to get in touch with Fannie Mae but were prevented from doing so.

The Guttormsens have failed to establish necessary elements of a consumer protection claim.

Criminal profiteering

The Guttormsens also argue that the trial court erred in dismissing their claim under the Criminal Profiteering Act.

The Criminal Profiteering Act provides a civil cause of action to a person if injured in his or her "person, business, or property by an act of criminal profiteering that is part of a pattern of criminal profiteering activity, or by an offense defined" in enumerated criminal statutes. RCW 9A.82.100(1)(a). "Criminal profiteering" is "any act, including any anticipatory or completed offense, committed for financial gain, that is chargeable or indictable under the

laws of the state in which the act occurred." RCW 9A.82.010(4). The Guttormsens assert that the respondents are liable under the act for attempting to collect a debt for which they have no lawful interest in violation of RCW 9A.82.045 and for extortion in violation of RCW 9A.56.120 and RCW 9A.56.130.

The Guttormsens identify no action by the defendants that constitutes either extortion or an attempt to collect on a debt in which the collector has no lawful interest. The trial court properly dismissed the Guttormsens' criminal profiteering claim.

Additional discovery

The Guttormsens claim that the trial court erred by denying their request to continue discovery under CR 56(f). We review a trial court's denial of a CR 56(f) motion for abuse of discretion. Qwest Corp. v. City of Bellevue, 161 Wn.2d 353, 369, 166 P.3d 667 (2007).

Where the party opposing summary judgment cannot, for reasons stated, present essential facts to justify his or her opposition, courts may order a continuance to permit additional discovery.

> Should it appear from the affidavits of a party opposing the motion [for summary judgment] that he cannot, for reasons stated, present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

CR 56(f). A party seeking such a continuance must provide an affidavit stating what evidence it seeks and how this evidence will raise an issue of material fact precluding summary judgment. Durand v. HIMC Corp., 151 Wn. App. 818, 214 P.3d 189 (2009), review denied, 168 Wn.2d 1020 (2010). "A trial court may deny

14

a motion for a continuance when: '(1) the requesting party does not have a good reason for the delay in obtaining the evidence, (2) the requesting party does not indicate what evidence would be established by further discovery, or (3) the new evidence would not raise a genuine issue of fact.'" Qwest, 161 Wn.2d at 369, quoting Butler v. Joy, 116 Wn. App. 291, 299, 65 P.3d 671 (2003).

The Guttormsens did not file an affidavit. They made their request for a continuance at the end of their response to the respondents' motion for summary judgment. There, they stated that they needed a continuance to "flesh out the ownership of the subject note and deed of trust and the agency relationships, if any, among the defendants and the possible assignment of the subject obligation to a mortgage backed security trust."

The Guttormsens did not specifically identify the evidence they believe would be uncovered if they were to obtain a continuance. And they did not state a good reason for their delay in obtaining whatever information they believe would be uncovered. Under these circumstances, the trial court did not abuse its discretion by denying the Guttormsens' request for a CR 56(f) continuance.

Affirmed.

Becker, J.

WE CONCUR:

Leach, J.

15